### THE BOARD OF SUPERVISORS OF STARK COUNTY

*v.*

### THE PEOPLE *ex rel.* Commissioners of Highways.

*Filed at Ottawa November 13, 1886.*

1. MANDAMUS—*whether awarded—generally.* The relator must show, by his petition, a clear, undoubted right to the thing sought, before the writ of *mandamus* will be awarded to compel it to be done.

2. BRIDGES—COUNTY AID—*power of commissioners of highways to determine the question.* The law makes the commissioners of highways the exclusive judges of the public necessity of constructing bridges within their respective towns; and the county board, when asked for aid in the building of a bridge, has no power to determine, for itself, whether any necessity exists for the proposed improvement.

3. Whenever the facts exist showing a town to be entitled to county aid in constructing a bridge, and the same are made to appear by the action of the commissioners of highways, that is all the law requires. It is only necessary that the facts enumerated in the statute do in fact exist, to authorize the town authorities to demand county aid for the proposed public improvement.

4. SAME—*provision by the town for its share of the cost—at what time it may be made.* Since the amendment of the Road law, in 1883, it is no longer necessary that the town authorities shall first make provision for one-half the expenses of constructing a bridge, as a condition precedent to county aid. Such aid is now granted upon condition the town shall raise its half of the cost of such bridge, so that it is immaterial when the town makes such provision,—whether before or after the action of the county board making the appropriation.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Stark county; the Hon. T. M. SHAW, Judge, presiding.

Mr. B. F. THOMPSON, for the appellant:

The party applying for a *mandamus* must show a clear legal right to have the thing done which it seeks. *Stark County v. People ex rel.* 110 Ill. 577; *Klokke v. Stanley,* 109 id. 192; *People v. Hatch,* 33 id. 140; *Commissioners v. People,* 66 id. 339; *People v. Village of Crotty,* 93 id. 180.

This is the universal rule : the relator must show a clear, undoubted right to the writ, or it will not be awarded. *People* v. *Glaser,* 70 Ill. 232 ; *People* v. *Ketchum,* 72 id. 212 ; *Railway Co.* v. *County Clerk,* 74 id. 27 ; *St. Clair County* v. *People,* 85 id. 396 ; *People* v. *Lieb,* id. 484 ; *People* v. *Old Town,* 88 id. 202 ; *People* v. *Commissioners,* id. 141 ; *People* v. *Klokke,* 92 id. 134 ; *People* v. *Davis,* 93 id. 133 ; *Louvalle* v. *Soucy,* 96 id. 467.

The law of 1883, under which this case is brought, differs somewhat from the statute of 1879. In the first place, it must appear that a bridge is necessary before county aid can be invoked. Who is to determine this question ? Evidently not the commissioners alone, but the supervisors. "When it is necessary to construct * * * any bridge * * * on a public road in any town, * * * the cost of which will be more than twenty cents on the one hundred dollars on the latest assessment roll, and the levy of the road and bridge tax * * * was for * * * sixty cents on each one hundred dollars, * * * the major part of which is needed for the ordinary repair of roads and bridges, the commissioners may petition the county board for aid ; and if the foregoing facts shall appear, the county board shall appropriate * * * a sum sufficient to meet one-half the expense of said bridge." All the foregoing facts must appear. It must appear to the county board that such bridge is necessary, in the same manner that it may appear to the board that a new court house or a new jail is necessary. When it does so appear, then, as said by this court in *Supervisors* v. *People ex rel.* 110 Ill. 511, "the duty thus imposed on them is just as obligatory as that which requires them to build jails, court houses, and the like." But the necessity for the bridges is a fact to be determined by themselves, and not by the commissioners for them.

In this case the supervisors are not satisfied that a new bridge is necessary. The stream is crossed by a very good and substantial wooden bridge, that can be easily repaired

and made to answer the public travel on that road for years. A new bridge is not necessary, but it is only necessary to repair the old.

Mr. MILES A. FULLER, for the appellees:

If the requirements of the statute have been complied with, then it is the imperative duty of the county board to make the appropriation asked. *Supervisors* v. *People*, 110 Ill. 511; *People* v. *Supervisors*, 100 id. 640; *Town of New Boston* v. *Supervisors*, 110 id. 197.

The money being in the treasury, the commissioners had the right to appropriate to the purposes for which it was levied, even though there may have been prior indebtedness. *Commissioners* v. *Newell*, 80 Ill. 587.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The petition in this case was for a *mandamus*, and was brought in the name of the People, on the relation of the commissioners of highways of the town of Essex, against the board of supervisors of Stark county. It is shown, the commissioners of highways of that town had determined to construct a bridge across Spoon river, on the highway within the limits of the town, and to enable them to do so, they applied to the board of supervisors for that aid which the statute provides the county board shall give to the town authorities when they shall have brought themselves within its provisions. The aid asked from the county board was denied, and thereupon this suit was commenced to compel the board to make the required aid. On the trial, the circuit court awarded a peremptory writ of *mandamus* to compel respondents to grant the aid demanded.

Section 19 of the act of 1883, in "regard to roads and bridges in counties under township organization," in force July 1, 1883, provides: "When it is necessary to construct or

repair any bridge over a stream, or any approaches thereto, by means of an embankment or trestle-work, on a public road in any town,  *  *  *  and the cost of which will be more than twenty cents on the one hundred dollars on the latest assessment roll, and the levy of the road and bridge tax for that year, in said town, was for the full amount of sixty cents on each one hundred dollars allowed by law for the commissioners to raise, the major part of which is needed for the ordinary repair of roads and bridges, the commissioners may petition the county board for aid; and if the foregoing facts shall appear, the county board shall appropriate from the county treasury a sum sufficient to meet one-half the expenses of said bridge, or other work, on condition that the town asking aid shall furnish the other half of the required amount."

The facts which this section of the statute requires "shall appear," to make it obligatory upon the county board to grant aid in such cases, do all appear from the record in this case, and that being so, it was the obvious duty of the board to grant the required aid.   It is alleged "a public necessity" existed for the construction of a bridge across Spoon river, where the highway running north and south crosses such river; that the commissioners had determined to build a bridge at the point indicated; that they had estimated the cost of such bridge at a certain sum stated, which sum is more than twenty cents on one hundred dollars' valuation of property of such town on the latest assessment roll.  It is further alleged, the commissioners had levied, for the year 1884, sixty-eight cents on one hundred dollars' valuation of the taxable property in the town, and that they had levied sixty cents on one hundred dollars' valuation for the year 1885, and that the greater part of the sum to be obtained by such levy will be needed for the ordinary and necessary repair of roads and bridges; and the petitioners allege that they have raised, by ordinary taxation, and have in their treasury, one-half the

sum necessary to build such bridge. The respondents, by their answer, denied most of the principal allegations in the petition, but the evidence introduced at the trial sustains every material allegation.

Conceding, as may be done, relators, before they would be entitled to relief, must make a case clearly within the provisions of the statute, there is no reason to doubt that has been done in this case. The law plainly is, the relator must show a clear, undoubted right to the writ, or it will not be awarded. That has been done.

The point is made, it must appear that a bridge is necessary before county aid can be invoked, and it is said in argument, it is the privilege of the county board to determine for itself when any public necessity exists for making the proposed improvements. This is a misapprehension of the meaning of this section of the statute. The provision is, when certain facts "shall appear," it becomes the duty of the county board to grant the required aid. Whenever the facts exist, and the same are made to appear by the action of the commissioners of highways, that is all the law requires. It is only necessary the facts enumerated in the statute do in fact exist, to authorize the town authorities to demand county aid for the proposed public improvement, otherwise, if the county board were invested with a discretion to determine that question for itself, it might defeat the operation of the statute. The matter of making public improvements seems to be intrusted exclusively to the judgment and discretion of commissioners of highways of the several towns, and, as was said by this court in *New Boston* v. *Supervisors,* 110 Ill. 199, "as the legislature has seen fit to commit such matters to the management of the local officers of the town, it is not the province of the courts, by judicial construction, to place it elsewhere."

Under the former statute, it was said, and with entire accuracy, the county board was not bound to make the appro-

priation in such cases until the town had made provision for one-half of the expenses of the proposed improvement. Making such provision was thought to be a condition precedent to obtaining the aid demanded, and one necessary for the protection of the tax-payers of the county. Since the cases giving that construction to the statute were decided, it has been slightly changed by the act of 1883. It is now provided, the aid shall be granted "on condition that the town asking the aid shall furnish the other half of the required amount." It would seem it is no longer a condition precedent, as the aid is granted on the condition the town will furnish one-half of the amount needed for the proposed improvement. It is immaterial when such provision is made,— whether before or after the action of the county board making the appropriation. The aid is granted on condition the local authorities will provide for one-half of the expense of the work to be done, and that affords all needed protection to the taxpayer. But in this case it is proven, past all doubt, the town authorities had a sum equal to one-half of the expense of the proposed work, in the hands of their treasurer, and that it had been appropriated for this specific purpose. That is all that would have been required under the former statute.

Other questions supposed to arise on the record have been discussed by counsel, but as they do not affect the merits of the controversy, it is not thought to be necessary to consider them.

No error appearing, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*