THE BOARD OF SUPERVISORS OF MACON COUNTY

*v.*

THE PEOPLE *ex rel.* Charles M. Caldwell *et al.*

*Filed at Springfield September 27, 1887.*

1. BRIDGES—*county aid—mandamus to enforce it—requisites of petition.* A petition for a *mandamus,* by highway commissioners, to compel a county board to pay one-half the cost of a bridge, must show a compliance, on the part of the relators, with all the conditions and prerequisites imposed by the statute. It should set forth the substance of the petition of the relators to the county board, together with the accompanying estimates, and affidavits showing that the repairs and construction of the approaches were necessary, and not more expensive than was required, and also that the greater part of the levy of sixty cents on the $100, therein averred to have been made, was needed for the ordinary repairs of roads and bridges.

2. SAME—*necessity and cost, etc.—who to determine—as between highway commissioners and county board.* The finding of the commissioners of highways that the repair of a bridge in their town, and the construction of approaches thereto, are necessary, and the cost thereof, and also that the greater part of the levy of twenty cents on the $100, levied by them on the property in the town, is needed for the ordinary repairs of roads and bridges, is conclusive on the county board, and also the courts, except in case of a manifest abuse of the discretion reposed in them; and such finding can not be questioned in a proceeding by *mandamus,* to compel the county board to appropriate one-half of the cost of such bridge and approaches.

3. On application by commissioners of highways to the county board for aid to build or repair a bridge, it is the right and duty of the latter to determine, in the first place, whether the petition and accompanying estimate and affidavits make out such a case, assuming the facts therein stated to be true, as gives the right to the aid sought; and, secondly, to satisfy itself of the truth of such of the alleged facts as are susceptible of positive verification, and do not involve mere matters of opinion and judgment.

4. The county board must determine, from their own knowledge or actual investigation, whether the bridge to be built or repaired is at one of the places specified in statute; whether the commissioners have levied a tax of sixty cents, as alleged in the petition; whether the town represented by the commissioners is responsible, in whole or in part, for the proposed work, and whether the cost thereof will amount to more than twenty cents on each $100 worth of taxable property, as shown by the latest assessment roll.

5. But whether the proposed work is necessary,—that is, whether public interests and convenience demand it,—or whether the major part of the sixty cents tax levied by the commissioners will be required for the ordinary repairs of roads and bridges, being matters within the discretion and judgment of the commissioners, are questions the truth of which the county board have no right to inquire into or determine. As to these questions, all it has to do is to determine, from the petition, whether the commissioners have acted upon them and decided them in the affirmative.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Macon county; the Hon. JAMES F. HUGHES, Judge, presiding.

This was a petition by the commissioners of highways of Decatur township, against the board of supervisors of Macon county, for a *mandamus,* to compel said board to appropriate one-half of the cost necessary to the repair of a bridge, and to construct approaches thereto. It was filed October 7, 1885.

The petition alleged, in substance, that the relators were commissioners of highways of Decatur township, and that they presented a petition at the September meeting, 1885, of the board of supervisors of Macon county, for aid in constructing and repairing a certain bridge and the approaches thereto, with affidavits showing estimate of cost, and that the same was necessary and not more expensive than needed. It contained a copy of the petition presented to the board of supervisors, which represented it was necessary to repair the Wikoff bridge, on the Sangamon river, and construct approaches thereto, on a public road in said township and county, by means of an embankment or trestle-work; that the town of Decatur was wholly responsible therefor, and that the cost would be, as estimated, $6625; that the latest assessment roll for said town showed valuation of $2,691,509; that outside of the city of Decatur, in said town, the valuation was $407,420; that only one-half of taxes raised in cities for roads and bridges was available under the law; that the levy for 1885 was for the full amount of sixty cents on each $100; that the major part was needed for ordinary repairs of roads and bridges in the township; that the levy made would raise for the commissioners $8996.78; that said $6625, necessary to expend on said bridge, was more than twenty cents on the $100, etc.; attached estimated cost, as part of petition to the board, and prayed for aid for one-half of the expenses of repair, etc. The petition for *mandamus* then alleged that relators demanded of the county board an appropriation of said one-half, on condition that the township furnish the other half, and that two persons, etc.; that there was in the county treasury, not otherwise appropriated, a sum sufficient, etc.; that the facts set forth in the petition to the said board were true; that the county board refused to make the appropriation, and still so refuse, wherefore relators pray for writ of *mandamus*, etc.

The county board answered, giving the following reasons why the writ should not issue:

*First*—It was not necessary to construct the bridge, etc., at a cost of, etc.

*Second*—That the levy was not for the full sixty cents on each $100.

*Third*—That the major part of levy was not needed for ordinary repairs, etc.

*Fourth*—It did not appear to county board that it was necessary to construct, etc., by means, etc., on a public road, etc., in which the town was wholly responsible, at a cost of more than twenty cents on the $100, etc., and levy was for sixty cents, the major part of which was needed for ordinary repairs, etc., otherwise than that petitioners' petition to the board set out that the same were facts, but that relators did not show or prove the statements in the petition to be true, or offer to prove the same.

*Fifth*—The commissioners did not make the levy as required by law; did not levy any "rate," but made a pretended levy of a sum in gross, to-wit, $15,549.95, which sum was not a levy for the full sixty cents, etc.

*Sixth*—The county board considered said petition, etc., and determined that the levy was not for the full amount of sixty cents, etc.

*Seventh*—The county board considered and investigated the petition, etc., and determined it was not necessary to construct, etc., at a cost of more than twenty cents on the $100 on the latest assessment roll, etc.

The relators filed a demurrer to clauses one, three, four, six and seven of the answer, which the court sustained, and issue was taken on clauses two and five of the answer.

Messrs. CREA & EWING, and Mr. E. P. VAIL, for the appellant.

Mr. W. C. JOHNS, for the appellees.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal by the board of supervisors of Macon county, from a judgment of the Appellate Court for the Third District, affirming a judgment of the circuit court of said county, awarding a peremptory writ of *mandamus* to compel said board to provide one-half of the cost and expenses of repairing a certain bridge in Decatur township, and of constructing the approaches thereto, in conformity with a petition of the commissioners of highways of said town.

The proceeding is based on section 19, chapter 121, of the Revised Statutes, which provides: "When it is necessary to construct or repair any bridge over a stream, or any approach or approaches thereto, by means of an embankment or trestlework, on a public road in any town, or on, or near to, or across a town line, in which work the town is wholly or in part responsible, and the cost of which will be more than twenty cents on the $100 on the latest assessment roll, and the levy of the road and bridge tax for that year in said town was for the full amount of sixty cents on each $100 allowed by law for the commissioners to raise, the major part of which is needed for the ordinary repair of roads and bridges, the commissioners may petition the county board for aid; *and if the foregoing facts shall appear*, the county board shall appropriate from the county treasury a sum sufficient to meet one-half the expenses of the said bridge, or other work, on condition that the town asking aid shall furnish the other half of the required amount. The expenditure of these joint funds shall be made by the commissioners and two persons appointed by the board of supervisors, and any surplus funds appropriated by the county board after the completion of the work shall be paid into, or lapse into, the county treasury: *Provided, however*, that before any bridge or approaches, as contemplated as above, shall be constructed or repaired under the provisions of this section, the commissioners shall make a careful estimate of the probable

cost of the same, and attach thereto their affidavits that the same is necessary, and will not be made more expensive than is needed for the purpose desired, and such estimate and affidavit shall be filed with the petition."

It is conceded the petition for the *mandamus* is in proper form, and that it shows upon its face a compliance, on the part of the commissioners, with all the conditions and prerequisites imposed by the statute to entitle them to the relief sought. To be so, it was necessary to set forth, as it did, the substance of the petition of the commissioners of highways to the board of supervisors, together with the accompanying estimates and affidavits, wherein, among other things, it was represented that the repairs and the construction of the approaches to the bridge were necessary, and were not more expensive than was required, and also that the greater part of the levy of sixty cents on the $100, therein averred to have been made, was needed for the "ordinary repairs of roads and bridges."   These two averments were severally traversed by separate clauses in the answer to the petition for the *mandamus*.   The court sustained a demurrer to each of them, on the ground that they were not traversable allegations.   The cause was then heard before the court upon a single issue of fact, namely, whether the commissioners of highways had, as stated in their petition, made a levy to the full amount of sixty cents on the $100 worth of taxable property in their township.   The court, upon due consideration, found this issue for the commissioners, and its finding having been affirmed by the Appellate Court, disposes of that question, so far as this court is concerned.

It remains to consider whether the Appellate Court erred in sustaining the ruling of the trial court upon the demurrer to the two clauses of the answer in question.   We have no doubt of the correctness of the rulings of the lower courts on both these questions.   They involve matters which the legislature, in its wisdom, has committed to the discretion, judgment and determination of the commissioners of highways, and not to

the board of supervisors.    The latter, therefore, wholly mis-conceived their legitimate powers and functions when they attempted, as they did, to revise and reverse the action and determination of the commissioners upon these questions.    For the same reason, it was equally incompetent for the lower courts, or either of them, to review or pass upon them.    So the finding of the commissioners upon these questions is equally binding upon this court, except, perhaps, where there has been a manifest abuse of the discretion which the law has reposed in the commissioners, and there is no claim of that kind here. By the issues tendered, respondents simply proposed to re-try questions which had already been settled by the commissioners, and which, under the law, they alone were authorized to determine.

Upon an application by the commissioners to the board of supervisors for aid to build or repair a bridge, it is the right and duty of the latter to determine, in the first place, whether the petition and accompanying estimate and affidavits make out such a case, assuming the facts therein stated to be true, as entitles the commissioners to the relief prayed; and secondly, to satisfy itself of the truth of such of the alleged facts as are susceptible of positive verification, and do not involve mere matter of opinion and judgment.    Thus they must determine, from their own knowledge or actual investigation, whether the bridge to be built or repaired is at one of the places specified in the statute; whether the commissioners have levied a tax of sixty cents, as charged in the petition; whether the town represented by the commissioners is responsible, in whole or in part, for the proposed work, and whether the cost thereof will amount to more than twenty cents on each $100 worth of taxable property, as shown by the latest assessment roll. But whether the proposed work is necessary, (that is, whether public interests and convenience demand it,) or whether the major part of the sixty cents tax levied by the commissioners will be required for the ordinary repair of roads and bridges,

being matters within the discretion and judgment of the commissioners, are questions the truth of which the board of supervisors have no right to inquire into or determine.    With respect to these questions, all they have a right to do is to determine, from the petition presented to them, whether the commissioners. have acted upon them and decided them in the affirmative. All questions of a similar character, resting upon like considerations, are to be regarded in the same way.

The conclusion here reached is in conformity with the previous. decisions of this court.    *People ex rel.* v. *Supervisors of Iroquois County,* 100 Ill. 640 ;    *Town of New Boston* v. *Supervisors,* 110 id. 197.

The judgment will be affirmed.

*Judgment affirmed.*