## Board of Supervisors of Shelby County v. The People ex rel.

1. ROADS AND BRIDGES—*Duty of County Board to Make Appropriations For.*—It is the duty of the county board to make an appropriation for one-half the cost of necessary bridges in a town within the county, and appoint three of their number to represent the county in the matter whenever the commissioners of highways of such town have complied with the provisions of section 19 of the roads and bridges act.

2. SAME—*Such Duty is Not Dependent upon There Being Money in the Treasury.*—The duty of the board of supervisors to make such appro-

priation and appointment, and the duty to incur such indebtedness as is necessary to discharge such obligation. are not dependent upon their having money in the treasury, or having a tax in process of collection.

Mandamus.—Appeal from the Circuit Court of Shelby County; the Hon. SAMUEL L. DWIGHT, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed July 27, 1903.

ANTHONY THORNTON, attorney for appellant.

W. C. KELLEY, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The appellee, The People ex rel. Commissioners of Highways of the Town of Dry Point, filed in the Circuit Court of Shelby County a petition against the appellant, The Board of Supervisors of Shelby County, Illinois, to compel the latter to appropriate the sum of $1,500, to pay one-half the cost of building a bridge in said town, and to appoint three of the supervisors to represent the county, alleging that the commissioners had complied with all the requirements of section 19 of the road and bridge act to entitle them to have such appropriation and appointment made, but that the board had failed and refused to make such appropriation and appointment although requested by the commissioners so to do; and the petition prayed that the court would, by mandamus, compel the board to make such appropriation and appointment.

The county board answered the petition, and while alleging that the county was without money to pay for one-half the cost of the bridge and that the county was already indebted beyond its constitutional limit, did not deny the material facts therein set up.

The court sustained a demurrer to the answer, and the board of supervisors declining to answer further, the court awarded the writ of mandamus as prayed.

The board of supervisors appeal to this court and argue that the court erred in sustaining the demurrer to the answer for the reason that it is a defense to the petition that the county is without money to pay for one half the

cost of the bridge and is already indebted beyond its constitutional limit.

We are of the opinion, however, that the Circuit Court ruled properly, for the reason that under the provisions of our statute, as repeatedly construed by the courts of this state, it is the duty of the county board to make the appropriation for one-half the cost of the necessary bridges, and to appoint three of their number to represent the county in the matter whenever the commissioners of highways of their respective towns have complied with the provisions of section 19 of the roads and bridges act, and in default thereof, upon proper petition, the court will compel the board to do so by mandamus. Macon County v. The People, 121 Ill. 616; Town of New Boston v. Supervisors, 110 Ill. 197; Board of Supervisors v. The People, 116 Ill. 466; Board of Supervisors v. The People, 118 Ill. 459; and the People v. Supervisors, 100 Ill. 640.

The statute imposes the obligation upon the board of supervisors to make such appropriation and the appointment, and the duty to incur such indebtedness as is necessary to discharge such obligation is not dependent upon there being money in the treasury, or having a tax in process of collection. Town of Kankakee v. McGrew, 178 Ill. 74.

Finding that the court did not commit the error claimed, and that the order entered is in accordance with the law applicable to the facts shown by the record, the same will be affirmed.

The foregoing opinion was written by Mr. Justice Benjamin R. Burroughs during his term as justice of this court, and is now adopted as the opinion of this court.

GEORGE W. BROWN,
Presiding Justice.