**The People of the State of Illinois ex rel. J. Smith Mason, D. R. Duke and S. C. Sailor, Commissioners of Highways of the Town of Oakwood, County of Vermilion and State of Illinois, Appellees, v. The Board of Supervisors of the County of Vermilion, State of Illinois, Appellants.**

1. DEMURRER—*when error in overruling waived.* Error in overruling a demurrer to a petition for mandamus is waived where thereafter it is answered.

2. DEMURRER—*when refusal to carry back not error.* Refusal to carry a demurrer to an answer back to the petition and sustain it is not error where a demurrer by the defendant before answering was overruled.

3. MANDAMUS—*what not defense to mandamus by highway commissioners against board of supervisors.* Where a mandamus petition by the highway commissioners to compel the board of supervisors to appropriate one-half the cost of a bridge shows that all the necessary steps required by statute have been taken by the commissioners and no claim is made of fraud, misrepresentation or deceit in the estimated cost thereof, an answer by the board which alleges that on investigation it has found that the cost would equal a certain per cent. of the assessed valuation of the town and it was not necessary to exceed such amount, is not a defense.

4. BRIDGES—*power of board of supervisors on petition by highway commissioners.* On petition by the highway commissioners to compel the board of supervisors to appropriate one-half the cost of a bridge which shows that the commissioners have correctly taken all the steps required by the statute, the board has power only to investigate the truth and correctness of the facts averred and whether there was fraud and deceit in estimating the cost.

Petition for mandamus. Appeal from the Circuit Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

J. H. LEWMAN, for appellant.

SWALLOW & SWALLOW, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

The People of the State of Illinois, on relation of Mason and others, as Commissioners of Highways of the Town of Oakwood, Vermilion County, Illinois, filed a petition in the Circuit Court to compel the Board of Supervisors to appropriate one-half of the cost of a bridge which the Highway Commissioners had determined was necessary to be erected within the Town of Oakwood. The appellants demurred to the petition, the demurrer was overruled, appellants then answered the petition, a demurrer was sustained to the answer. Appellants elected to stand by their demurrer, and judgment was entered awarding the writ of mandamus as prayed, from which judgment appellants appeal.

Petitioners herein were Highway Commissioners of the Town of Oakwood, County of Vermilion, State of Illinois; and in accordance with the provisions of the statute they determined that it was necessary to construct a bridge over a stream in said town, and that the town would be wholly liable for the cost of the bridge and its approaches. They procured an estimate of the cost, which amounted to thirty-one hundred and seventy dollars. From the records they determined the assessed valuation of the taxable property in the Town of Oakwood for that year was one million, six hundred twenty thousand and ninety-one dollars, a tax of twelve cents on the hundred dollars valuation, according to the last assessment roll, would produce the sum of nineteen hundred and forty-four dollars, the levy of the road and bridge tax for the two preceding years was the full amount allowed by law, and that it was necessary to use nearly all of this in each of the said years for the ordinary repair and maintenance of the roads of that township. The Commissioners filed a petition with the Board of Supervisors, setting forth all these conditions, together with a copy of the specifications of said bridge and approaches, and the

estimated cost thereof, which petition further set forth that the Commissioners had on hand a sum sufficient to pay one-half the cost of such bridge and its approaches, which might be used for that purpose, and requested the County Board to appropriate sixteen hundred dollars for the payment of the other half, under the provisions of Sec. 19, Ch. 121, Hurd's Revised Statutes, 1909.

The Board of Supervisors appointed a committee to investigate this petition, this committee made an adverse report which was adopted by the Board and the aid denied, whereupon appellees filed their petition in the Circuit Court, praying for a writ of *mandamus* to compel the Board of Supervisors to grant the aid.

This petition showed a compliance with all of the conditions necessary to be complied with by the Highway Commissioners under Sec. 19, Ch. 121, Hurd's Revised Statutes, 1909, and upon its face showed a complete right to the writ.

By demurrer to this petition and when the demurrer was overruled having answered the petition, appellants waived all right to assign error on the action of the court in overruling the demurrer. After demurrer was filed by the appellees to the answer of appellants they moved the court to carry the demurrer back to the petition; this motion was denied, and the demurrer sustained to the answer. Appellants having elected to abide by their demurrer, the court rendered judgment awarding the writ.

Appellants insist, as cause for reversal of the judgment, that the court erred in not carrying the demurrer back and sustaining it to the petition. In Stearns v. Cope, 109 Ill. 346, the Supreme Court held that the court should not carry a demurrer back and sustain it to a pleading to which the adverse party had previously demurred and which had been overruled. The same rule is held in City of Chicago v. People, 210 Ill. 84. If appellants desired to question the ruling of

the trial court in overruling their demurrer to the petition, they should have abided by their demurrer.

Appellants further contend that they are not bound by the determination of the Highway Commissioners as to the estimated cost of this bridge and approaches, or by their determination of the assessed value of the taxable property, according to the last assessment roll, or by their determination of the amount, a tax levy of twelve cents on the hundred dollars valuation of the property, would produce, but that the Board of Supervisors have the right to ascertain the truth of these facts for themselves. In support of this contention appellants cite Board of Supervisors v. People, 121 Ill. 616. We have examined this authority but do not find anything therein to support the contention of appellants, but, on the contrary, the opinion in that case is in accord with the contention of appellees, that when a petition is filed with the Board of Supervisors showing full and complete compliance with all of the provisions of the statute on the part of the Highway Commissioners, if, upon the investigation by the Board of Supervisors which they are authorized to make, they find the bridge is to be located at a place authorized by the statute, and that the records concerning the assessed valuation of the taxable property, show the facts necessary to be determined by the Highway Commissioners as set forth in the petition of the Highway Commissioners are true and correct, and that the estimate or approximate cost of the bridge and its approaches is not subject to a charge of fraud or deceit, then the Board of Supervisors have no discretion but must grant the petition and vote the necessary aid. Supervisors v. People, 121 Ill. 616; People v. Supervisors, 125 Ill. 12.

The petition for the writ of *mandamus* shows that all of the necessary steps required by law to have been taken by the Highway Commissioners were properly and correctly taken, there being no claim of fraud, mis-

representation or deceit in the estimated cost of the bridge. The matters set forth in the answer of appellants were not a denial of matters which it was the duty of the Highway Commissioners to determine and which they did determine in the proper way, but the answer averred that upon an investigation of these matters by a committee of the Board of Supervisors it did not appear to the Board that the estimated cost of the bridge and its approaches would be more than twelve cents on the hundred dollars valuation according to the last assessment roll, and that said Board had investigated said petition and determined that it was not necessary to build a bridge and approaches at a cost to exceed twelve cents on the hundred dollars valuation of the property of the Town according to the last assessment roll. These were matters which were not subject to determination by the Board of Supervisors, their authority to investigate was only to ascertain whether the facts averred in the petition of the Highway Commissioners were true and correct and whether the estimated cost was open to a charge of fraud or deceit; and there being no charge of fraud, the answer presented no defense to the petition, and the demurrer was properly sustained to it by the trial court. Appellees were entitled to the writ, and it was properly awarded. The judgment is affirmed.

*Affirmed.*