## LUCAS R. WILLIAMS
### v.
## THE PEOPLE, ETC.

1. CONSTRUCTION OF STATUTE.—In construing a statute the court is required to carefully look at and consider all its provisions, and to so construe it that all its several parts may stand and each have some effect given to it if possible.

2. PRACTICING MEDICINE—REVOKING CERTIFICATES.—The court is of opinion that the proper construction of section ten of the "Act to regulate the practice of medicine in the State of Illinois," relating to the power of the State Board of Health to revoke certificates, is that it applies only to the class of persons who are not graduates in medicine.

3. SAME.—But whatever the construction of such statute, as there is no provision of the penal clause of the above statute, "Any person practicing medicine, etc., without complying with the provisions of this act, shall be punished, etc.," with which plaintiff in error has not complied, no case is made out against him.

ERROR to the Criminal Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding. Opinion filed December 4, 1885.

Williams was indicted in the court below, and, under plea of not guilty, was tried and convicted and adjudged to pay a fine of fifty dollars for alleged violation of the act entitled " An act to regulate the practice of medicine in the State of Illinois," approved May 29, 1877. He brings the record to this court for revision. The undisputed facts are that defendant below was a graduate in medicine prior to the passage of said act, he receiving a diploma from Rush Medical College of Chicago, Feb. 16, 1875 ; that after the act went into force, and Nov. 22, 1877, he duly presented said diploma to the State Board of Health for verification, as required by said act, that said board found it to be genuine, and that he was the person named therein ; that thereupon said board issued to him its certificate signed by all its members certifying those facts, and he duly filed it in the office of the county clerk of Cook county, for registry ; that afterward, Feb. 6, 1880, said board, upon notice to him, passed an order declaring said certificate revoked. It was for practicing medicine in said county, after such alleged revocation, that he was convicted as aforesaid. Section one of that act reads :  " That every person practicing medicine in any of its departments shall possess the qualifications required by this act. If a graduate in medicine, he shall present his diploma to the State Board of Health, etc., for verification as to its genuineness. If the diploma is found genuine, and if the person named therein be the person claiming and presenting the same, the State Board of Health *shall issue its certificate to that effect,* signed by all the members thereof, *and such diploma and certificate shall be conclusive as to the right of the lawful holder of the same to practice medicine in this State.* If not a graduate the person practicing medicine in this State shall present himself to the said board, and submit himself to such examination as the board shall require ; and, if the examination be satisfactory to the examiners, the said board *shall issue its certificate* in accordance with the facts, and the lawful holder of such certificate shall be entitled to all the rights and privileges herein mentioned."

Section three declares that the said board shall issue certificates to all persons who furnish satisfactory proof of having

received diplomas or licenses from legally chartered medical institutions in good standing.

Section four provides that " the verification of the diploma shall consist in the affidavit of the holder and applicant that he is the lawful possessor of the same, and that he is the person therein named. Such affidavit may be taken before any person authorized to administer oaths, and the same shall be attested under the hand and official seal of such officer, if he have a seal. Graduates may present their diplomas and affidavits as provided in this act by letter or by. proxy, and the State Board of Health, etc., shall issue its certificate, the same as though the owner of the diploma was present."

Section five provides: "All examinations of persons not graduates or licentiates, shall be made directly by the board, and the certificates given by the board *shall authorize* the possessor to practice medicine and surgery in the State of Illinois."

Sections six and seven provide for the filing and registration of certificates in county clerk's office.

Section eight relates to the fees for examination of candidates, not graduates, and section nine reads : " Examinations may be in whole or in part in writing, and shall be of an elementary and practical character, but sufficiently strict to test the qualifications of the candidate as a practitioner." Then follows section ten: "The State Board of Health may refuse certificates to individuals guilty of unprofessional or dishonorable conduct, and they may revoke certificates for like causes. In all cases of refusal or revocation the applicant may appeal to the body appointing the board." The only penal clause is in section thirteen, and reads: " Any person practicing medicine or surgery in this State, without complying with the provisions of this act, shall be punished by a fine of not less than fifty dollars nor more than five hundred dollars, or by imprisonment in the county jail for a period of not less than thirty days nor more than three hundred and sixty-five days, or by both such fine and imprisonment, for each and every offense, * * * *provided* that the provisions of this act shall not apply to those that have been practicing medi-. cine ten years within this State." Hurd's Stat., p. 709–10.

Messrs. Barnum, Rubens & Ames, for plaintiff in error; as to construction of penal statutes, cited Andrews v. U. S., 2 Story, 203; Strinson v. Pond, 2 Curtis, 502; U. S. v. Ragsdale, Hempst. Rep. 497; U. S. v. 10 Cases of Shawls, 2 Paine, 162; Chase v. N. Y. C. R. R. Co., 26 N. Y. 523; Potter's Dwarris, 247; Bacon's Maxims, 58, 59; U. S. v. Wiltberger, 5 Wheat. 76; Gunter v. Lecky, 30 Ala. 591; State v. Lowell, 23 Ia. 304; Sedgwick on Construction of Statutes, 279; Lair v. Kill. mer, 1 Dutch. 522; Elias v. Nightingale, 8 E. & B. 698.

Messrs. Thomson & Felsenthal, for defendants in error; as to construction of penal statutes, cited Dwarris on Statutes, 635; Ferry Co. v. Jefferson Co., 94 Ill. 220; Perry v. Skinner, 2 M. & W. 471; Walker v. City of Springfield, 94 Ill. 362; People v. Hoffman, 97 Ill. 236; Pearce v. Foot, 113 Ill. 239.

McAllister, J.   The only penal clause in the statute, under which plaintiff in error was convicted, and which is at all applicable to the case, is in these words: "Any person practicing medicine or surgery in this State *without complying* with the provisions of this act, shall be punished," etc.

The last clause of the act excepts from its operation all persons who have practiced medicine within this State for ten years.   Those upon whom it does operate are practically divided into two classes, as to which the functions of the State Board of Health are essentially different.   Both classes are required to possess the qualifications prescribed by the act. Those classes are those who are graduates in medicine, having genuine diplomas of regularly chartered medical colleges, and those who are not.   As to the former of those classes, the qualifications were: such diploma; the presentation of it, with a certain prescribed affidavit, to said board for verification; a certificate by the board, signed by all its members, that it was genuine, and that the person named therein was the person claiming and presenting it; then the filing of such certificate with the county clerk, for registry.   The case shows that plaintiff in error had complied with each of those requirements. But it appears that some three years thereafter said board passed an order purporting to revoke such certificate or act of certification of plaintiff's diploma.   The whole stress of this

case rests upon that circumstance. Counsel for the prosecution maintain that, by the tenth section of the act, the board was vested with power to revoke any certificates it had made. That section says, the board may refuse certificates to individuals guilty of unprofessional or dishonorable conduct, and they may revoke certificates for like causes. And they say that the effect of such revocation was the same as if the plaintiff in error had never had any such certification of his diploma.

The statute prescribes no such effect. Indeed it is wholly silent as respects any consequence of such revocation. The question here arises whether such effect can follow by implication, so as to bring the party within said penal clause, the statute being silent and containing no prohibition against his practicing thereafter. It seems to us, that the statute itself emphatically repels and rebuts any such implication or presumption. Section one enacts: " That every person practicing medicine in any of its departments shall possess the qualifications prescribed by this act. If a graduate in medicine, he shall present his diploma to the State Board of Health for verification as to its genuineness. If the diploma is found genuine, and if the person named therein be the person claiming and presenting the same, the State Board of Health shall issue its certificate to that effect, signed by all the members thereof, and *such diploma and certificate* shall be *conclusive*, as to the right of the lawful holder of the same to practice medicine in this State." The word " conclusive," as there used, has a well-defined legal signification. Its proper synonyms are irrefutable, final. With the question as to what powers the board possesses in regard to the making such certification of a diploma, we have no concern in this case. What was the legal effect of it after it was made, is the question. The declaration of the legislature that such diploma and certificate shall be *conclusive* as to the right of the holder to practice medicine, is subject to no limitation as to time or qualification as to circumstances. It is clear and unambiguous, admitting of no construction. And there is no other provision of the statute which is necessarily in conflict with it. For the court to coin and interject a counteracting

phrase, would, in our opinion, be nothing but judicial legisla-
tion, which, in theory, is always condemned, but not unfre-
quently practiced. There is a very good reason in the nature
of the case, for supposing that the legislature meant just what
it said; and no such serious consequences would, as counsel
seem to suppose, follow that view. The legislature did not,
evidently, suppose that the entire prosperity of the State de-
pended upon giving the State Board of Health unlimited, arbi-
trary power over the fortunes and reputations of every per-
son who practiced medicine. As indicative of that, we find
that the act excepts from its operation all who had prac-
ticed ten years. They are entirely outside the jurisdiction of
said board. The principal evils aimed at were two : First,
ignorance, or want of scientific knowledge ; secondly, the use
of diplomas either spurious as respects the holder, or emanat-
ing from a college having no title to respect. An analysis of
the act clearly evinces the intention to favor the class making
applications upon genuine diplomas, and thereby encourage
and superinduce the pursuit of medical studies in reputable
institutions chartered for that purpose, and to the extent of
obtaining a diploma. A convenient species of evidence is pre-
scribed, viz., the affidavit of the applicant. The applicant
need not appear in person, but may cause his affidavit and
diploma to be presented to the board for verification, by letter
or by proxy. (Sec. 4.)

The spirit of the act evinces a policy of encouraging
collegiate medical education. It was therefore not the in-
tention of the legislature to give to the board the power of
disappointing the hopes of the student who had honestly ac-
quired such a diploma as was contemplated by the act, by de-
stroying its value to the possessor. Hence the legislative
declaration that such certificate and diploma should be *con-
clusive* as to his right to practice medicine.

No such declarative effect is given to the certificate made,
upon examination, to a person not a graduate. The statute
simply says that such certificate shall authorize the possessor
to practice medicine and surgery in this State. (Sec. 5.)

Section ten, which purports to give power to the board to

revoke certificates to individuals, is associated with provisions which relate exclusively to the class who are not graduates in medicine. It is a rule of law, as well as of common sense, that in construing a statute, the court is required to carefully look at and consider all its provisions, and to so construe it that all its several parts may stand, and each have some effect given to it if possible.

By construing this act so that said section ten is regarded as applying only to the individuals of the class who are not graduates in medicine, some effect and operation is given thereto, and at the same time, the clear, unambiguous and unqualified declaration as to the effect of the certification of a diploma, will be upheld, agreeably to the intention of the legislature as manifested by the words employed. We believe that to be the proper construction. But suppose we are mistaken; is the posture of the case any more favorable to the prosecution? As before observed, the act is entirely silent as respects any effect to follow such supposed revocation. It enjoins no duty on the part of the practitioner as contingent upon it; nor can we see that any is implied. This is a criminal case; we are considering a penal statute. How then can this case, in any point of view, be said to come within the penal clause— "Any person practicing medicine, etc., without complying with the provisions of this act, shall be punished, etc." Counsel have failed to point out, and we are unable to find, any provision of the statute which plaintiff in error had not complied with.

Being of opinion that no case was made out against the defendant below, within the act, the judgment will be reversed and the cause remanded.

Judgment reversed.