### Mechanics and Traders Savings Loan and Building Association v. The People ex rel. The Auditor et al.

1. BUILDING AND LOAN ASSOCIATIONS—*Voluntary Liquidation.*—At the meeting of the stockholders of a building and loan association convened by the auditor of public accounts under section 17 b of the act of 1897, relating to Building, Loan and Homestead Associations (Laws 1897, 166), the resolution for reorganization or voluntary liquidation of the association must be passed by a two-thirds vote of the shareholders owning shares then in force. A majority vote is not sufficient.

2. STATUTES—*Rules of Construction.*—In the construction of a statute every part of it must be viewed in connection with the whole so as to make all its parts harmonize, if practicable, and give a sensible and intelligent effect to each.

3. JURISDICTION—*Of the Trial Court After Appeal Taken.*—The Circuit Court has no power, after an appeal from an interlocutory order has been perfected by filing a bond with the clerk as required by statute, to in any manner affect the jurisdiction of the Appellate Court upon such appeal by any order it may enter in the case.

Order Appointing a Receiver.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed December 16, 1897.

DEFREES, BRACE & RITTER, attorneys for appellant.

PAM & DONNELLY, attorneys for appellee.

LYNDEN EVANS and P. H. O'DONNELL, attorneys for certain stockholders.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

This is an appeal from an interlocutory order appointing receivers of the property and assets of appellant, Mechanics & Traders Savings, Loan and Building Association.

The order was entered in the consolidated cases of Rubel et al. v. Appellant et al. and The People, on the relation of the Auditor of Public Accounts, v. Appellant. The bill of complaint in each of these consolidated cases prays for the appointment of a receiver. The Rubel bill was first filed, but the bill in the name of the people was filed and the order for consolidation entered on the same day that the order appointing receivers was made.

The only errors assigned go to the sufficiency of the bills of complaint, so that we have merely to inquire as to whether either of the two bills is of itself sufficient to warrant the order.

Inasmuch as the conclusion reached upon consideration of the bill filed in the name of the people is determinative of the appeal, we do not deem it necessary to consider the bill filed by Rubel and others.

The order entered in the consolidated cases appointing receivers recites that cause came on to be heard on the application of the complainants for the appointment of a receiver for the defendant association, and that all parties in interest had notice of such application and were present in court, and that ".the court having heard the evidence offered in support of said motion and having heard arguments of counsel and being advised in the premises, finds : That an order should be entered appointing temporary receivers of the said Mechanics and Traders Savings, Loan and Building Association, and all its property and assets," etc.

162    APPELLATE COURTS OF ILLINOIS.

VOL. 72.] Mechanics & Traders Loan & Bldg. Ass'n v. People.

The bill in the name of the people was filed under the act of 1897, relating to building, loan and homestead associations. The group of sections numbered 17 a to 17 f inclusive, and numbered 19 to 22 inclusive, are the portions of the act necessary to be considered in determining the sufficiency of this bill. Those sections are as follows:

"Sec. 17 a. (Auditor's duty—When assets are impaired, etc.) Whenever it shall appear to the auditor of public accounts that the assets of any association doing business in this State are impaired to the extent that such assets do not exceed the dues paid in on the shares, with interest thereon, at the rate of three per centum per annum, for the average time invested, or that it is conducting its business in a fraudulent, illegal or unsafe manner, he may at once, in either case, appoint a custodian for such association, and shall require of such custodian a good and sufficient bond with sureties to be approved by such auditor.

Sec. 17 b. (Auditor — Custodian — Special meeting of stockholders—Report.) The auditor of public accounts, at the time of the appointment of a custodian for any association as herein provided, shall, within ten days next after having appointed such custodian, convene a special meeting of the shareholders for the purpose of considering and acting upon such special matters as to such special meeting shall seem best. Notice of such special meeting shall be given in the manner and form provided in section 20 of this act, for the calling of special meetings of shareholders. At such meeting, said auditor shall present a full report of the affairs and condition of such association, as found by him from the examination thereof, or as made to him by the custodian.

Sec. 17 c. (Custodian—Duties of—Reports—Compensation.) Such custodian, under the direction of the auditor, shall take possession of the books, records and assets of every description of such association, and pending the further proceedings specified in this act, shall prepare, or have prepared, a full and true exhibit of the affairs, property and condition of such association, including an itemized state-

ment of all its assets and liabilities; and shall receive and collect all debts, dues and claims belonging to it; and may, if necessary, by and with the consent and approval of the auditor, pay the immediate and reasonable expenses of his trust, including his own compensation at not to exceed the sum of ten dollars per diem. Such custodian shall also receive and receipt for all monthly payments becoming due after the date of his appointment, and shall keep the same separate and apart from the other moneys and effects of such association.

Sec. 17 d. (Meeting of Shareholders—Reorganization—New management.) If at the special meeting of the shareholders to be called as herein provided, the shareholders of such association shall vote to reorganize said association, then and in that case the custodian shall upon the consummation of the reorganization thereof, and when the said auditor shall so order and direct, turn over to the new management all the books, papers and effects of every description in his hands belonging to such association.

Sec. 17 c. (Voluntary liquidation—Duty of Auditor and Custodian.) If, at the special meeting of the shareholders to be called and held as herein provided, such shareholders shall vote to go into voluntary liquidation, or to otherwise close up or discontinue the business of such association, such custodian shall, when the auditor shall so order and direct, return to the shareholders all monthly payments received and receipted for by him, and which became due and payable after the date of his appointment; and all books, papers and effects of every description in his hands, belonging to such association, not so returnable, shall, when the auditor shall so order and direct, be turned over and delivered to the person or persons entitled thereto.

Sec. 17 f. (If the Auditor finds that association can not be reorganized, to report to Attorney-General—Duty of Attorney-General—Proceedings.) If the auditor of public accounts, after having called a meeting of the shareholders as in this act provided, shall find that the (the) association can not be reorganized, or that voluntary

164    APPELLATE COURTS OF ILLINOIS.

VOL. 72.] Mechanics & Traders Loan & Bldg. Ass'n v. People.

liquidation by the shareholders can not be had, or consummated, he shall report the same to the attorney-general, whose duty it shall then become to at once apply to the Circuit Court of the county in which the principal office of such association may be located, or to any of the judges of said court in vacation, in the name of the people of the State, on the relation of said auditor, for an injunction restraining such association from doing further business, and for the appointment of a receiver of such association, and for the dissolution of such association, which application may be made and granted either in term time or in vacation of said court, in the manner now provided for obtaining injunctions, and said cause shall thereupon proceed as other cases in chancery.

Sec. 19. (When association may reorganize or go into voluntary liquidation.) Any association may reorganize or go into voluntary liquidation by the votes of its shareholders owning at least two-thirds of the shares in force at the time such vote is taken. Whenever such shareholders shall desire to reorganize or go into voluntary liquidation, it shall be the duty of the board of directors of such association, or of a committee of shareholders appointed for the purpose, to submit the question of such reorganization or voluntary liquidation to a vote of the shareholders at a special meeting of such shareholders to be called and held as herein provided.

Sec. 20. (When a meeting of shareholders to be called— Notice to be given.) Whenever a meeting of the shareholders is to be called for the purpose aforesaid, it shall be the duty of the board of directors, or of said committee, to convene a special meeting of the shareholders at the principal office of the association, at such time as such directors or committee shall fix and determine. Notice of such meeting shall be given to every member of the association, by depositing in the postoffice, at least ten days before the time fixed for such meeting, a notice properly addressed to each shareholder, at the last recorded address of such shareholder. The directors or committee shall also

use a notice of such meeting to be certified to the auditor of public accounts at the same time that notice is given to the shareholder.

Sec. 21. (Directors to present exhibit of the affairs—To be printed.) Such directors, or committee, shall prepare, or have prepared, a full and true exhibit of the affairs, property and condition of such association, including an itemized statement of its assets and liabilities, which exhibit shall be sworn to by a majority of said directors, or of said committee, before some officer authorized to take acknowledgments of conveyances in this State, such exhibit and report to be printed and a copy thereof mailed along with the notice convening such special meeting. Such original exhibit sworn to as herein provided, shall be filed with the auditor of public accounts of this State, along with a notice of such meeting, at the same time they are mailed to the shareholders.

Sec. 22. (Voting—Adoption of resolution to reorganize or liquidate.) At such special meeting, all votes taken shall be by ballot, and votes of its shareholders owning at least two-thirds of its shares in force at the time such vote is taken, shall be necessary to carry any resolution for the reorganization or liquidation of such association; and if, at such meeting, said shareholders shall, in the manner herein provided, pass a resolution for the reorganization or liquidation of such association, a copy of such resolution, duly certified by the presiding officer and secretary of such meeting, shall be given to, and shall continue (contain) full instructions, and define the authority and compensation of the party or parties to be named therein, to answer and discharge the duties entrusted to them by such resolution; and a like duly certified copy of such resolution, instruc tions and authority, shall immediately be filed with the auditor of public accounts by the party or parties named in such resolution, before they shall enter upon the discharge of their trust. Before the party or parties named in any such resolution shall assume the duties of their trust, they shall become bounden with two or more good and suffi-

cient sureties, or in some good and responsible fidelity insurance company, in such sum as the auditor of public accounts of this State shall require and approve."

It will be observed that by section 17 a it is provided that the auditor of public accounts may appoint a custodian of such an association as appellant in certain contingencies specified.

The bill of complaint in question, filed in the name of the people, alleges facts, which, if true, would bring the case within the contingencies specified in this section; and the bill alleges the appointment of a custodian by the auditor.

By section 17 b, it is provided that the auditor shall, within ten days next after having appointed such custodian, convene a special meeting of shareholders, and give notice of such meeting as provided in section 20, and that at such meeting the auditor shall present a full report of affairs and condition of the association as found by him, etc. The bill in question alleges all these things to have been done.

Section 17 e defines certain duties of the custodian.

Section 17 d provides that if at the special meeting of shareholders provided for herein, the shareholders of the association shall vote to reorganize said association, then the custodian shall, upon consummation of reorganization, and when the auditor shall so direct, turn over to the new management all effects, etc., of the association.

And by section 17 e it is provided that if at such special meeting of shareholders, such shareholders shall vote to go into voluntary liquidation, or to otherwise close up or discontinue the business of the association, such custodian shall, when the auditor shall so direct, return to the shareholders all effects, etc., of the association. The bill of complaint here alleges that at the said special meeting of shareholders called by the auditor and held on August 9, 1897, the shareholders refused to pass upon the question as to whether the association should reorganize or go into liquidation; and that at an adjourned meeting held upon August 12, 1897, the question was voted upon, and that no resolution for reorganization or voluntary liquidation was then passed by

a two-thirds vote of the shareholders, owning shares then in force; and the bill further alleges that no special meeting has been called by the directory and officers of said association for the purpose of voting upon such question; that no proper reorganization can be had, and that the association can not go into voluntary liquidation, as provided by this act.

Section 17 f provides that if the auditor, after having called the meeting of shareholders, as hereinbefore provided, shall find that the association can not be reorganized, or that voluntary liquidation by its shareholders can not be had, he shall report the same to the attorney general, whose duty it shall then become to at once apply, in the name of the people and on relation of the auditor, for the appointment of a receiver, etc.

The bill of complaint alleges, as before noted, that neither the reorganization nor the voluntary liquidation contemplated by the act, could in the case of this association be accomplished; and it alleges the report of the auditor to the attorney general with the request to the attorney general that a bill of complaint be filed by him and application be made for a receiver.

The only question raised by appellant as to the regularity of these various proceedings by the auditor, or as to the sufficiency of the bill of complaint, is in relation to the report of the auditor that no reorganization or voluntary liquidation could be effected in accordance with the provisions of the act. It appears from the bill that at the shareholders' meeting called by the auditor and held on August 9, 1897, less than two-thirds of the shares then in force were represented; and that no action was taken relative to reorganization or voluntary liquidation. At the conclusion of that meeting an adjournment was declared (not by the auditor, but by shareholders) to August 12, 1897. At the adjourned meeting held on August 12th, two-thirds of the shares in force were represented; no resolution to reorganize or go into voluntary liquidation was carried by a vote of two-thirds of such shares then in force, but such a resolution was adopted by a majority vote.

Counsel for appellant contend that a majority vote only was required, and that a two-thirds vote was not essential. In determining this question we dispose of the appeal, for if a two-thirds vote of all shares then in force was essential to decide upon voluntary liquidation or reorganization, then no such decision was here reached; the action of the auditor and the attorney-general was in that event proper, and the bill of complaint, presenting essential compliance with the provisions of the act, was sufficient to warrant the order appointing receivers.

Counsel for appellant concede that if the auditor found that reorganization or voluntary liquidation could not be accomplished, by reason of a failure or refusal of the shareholders to act, then the action of the auditor was proper.

Sec. 19 is entitled "When association may reorganize or go into voluntary liquidation," and it proceeds as follows: "Any association may reorganize or go into voluntary liquidation by the votes of its shareholders owning at least two-thirds of the shares in force at the time such vote is taken. Whenever such shareholders shall desire to reorganize, or go into voluntary liquidation, it shall be the duty of the board of directors of such association, or of a committee of shareholders appointed for the purpose, to submit the question of such reorganization or voluntary liquidation to a vote of the shareholders, at a special meeting of such shareholders, to be called and held as herein provided."

By the provision of Sec. 20, directions are given for the convening of a special meeting of shareholders to pass upon questions of reorganization or liquidation, by direction of the board of directors or by the committee of shareholders, mentioned in Sec. 19.

Sec. 22 provides, among other things, that "at such special meeting all votes taken shall be by ballot, and votes of its shareholders owning at least two-thirds of its shares in force at the time such vote is taken, shall be necessary to carry any resolution for the reorganization or liquidation of such association," etc.

Two different meetings of shareholders are contemplated

by the provisions of the act—either of which might act upon a resolution to reorganize or go into voluntary liquidation, as provided by the act; the one is the meeting called by the auditor, the other a meeting called by the shareholders through their directors or committee.

It is conceded by counsel for appellant, and is too plain for contention, that at a meeting of the latter class, viz., called by the shareholders themselves, a two-thirds vote of shares in force is plainly declared by Sec. 22 to be necessary to carry a resolution to reorganize or go into voluntary liquidation.

But counsel contend that the act contemplates a distinction between the vote necessary to accomplish reorganization or liquidation when taken at a meeting called by shareholders and when taken at a meeting called by the auditor.

We can not assent to such interpretation of the act. The rule is that in the construction of a statute every part of it must be viewed in connection with the whole, so as to make all its parts harmonize, if practicable, and give a sensible and intelligent effect to each. Potter's Dwarris on Statutes, p. 144, rule 12.

"A reading of the provisions of the whole statute together may give to earlier sections the effect of restricting the meaning of later ones, as well as to the latter the effect of restricting the operation of the former." Endlich on Interpretation of Statutes, Sec. 183; Williams v. The People, 17 Ill. App. 274.

To construe the provisions of sections 19 and 22 as requiring a two-thirds vote (as they clearly do), and at the same time construe sections 17 d and 17 e as requiring merely a majority vote to effect the like result, would be inconsistent. Section 19 is evidently a general provision applicable alike to either of the classes of shareholders' meetings provided for, whether called by the auditor or by the shareholders, and by its terms it provides generally how reorganization or voluntary liquidation may be effected. We hold, therefore, that it appears from the bill of complaint that no such resolution as is contemplated by sections

17 d or 17 e was passed, and therefore, that the bill filed by the attorney-general upon report and request of the auditor, was properly filed, was sufficient in its averments, and the receivers appointed upon the allegation and prayer of that bill were properly appointed.

We have declined to consider any questions raised by argument as to the validity of the statute. Motion has been made to dismiss the appeal, based upon two orders of the Circuit Court entered after the perfecting of this appeal. By one of these orders the appeal bond given upon this appeal was ordered stricken from the files of the Circuit Court; by the other order, so-called "permanent receivers *pendente lite*," were appointed in lieu of the receivers whose appointment is the subject-matter of this appeal.

As to the first order, it is enough to say that the Circuit Court had no power, after this appeal had been perfected by filing bond with the clerk as required by statute, to in any manner affect the jurisdiction of this court upon such appeal by any order it might enter. No approval by the court of the appeal bond taken by the clerk was necessary; neither had the court any power to pass upon its sufficiency or strike it from the files. Alles P. Co. v. Alles, 67 Ill. App. 252.

As to the effect of the latter order appointing other receivers in lieu of the ones whose appointment is here in question, the only appeal which could avail appellant was from the first order, viz., the one here appealed from. No subsequent interlocutory order substituting other receivers for the ones first appointed could be reviewed here on appeal. Intern. Bldg., L. and I. Union v. McGonigle, decided at this term.

Nor could such interlocutory order of substitution deprive appellant of its right of appeal, whether the receivers thus substituted be called merely temporary receivers or "permanent" receivers *pendente lite*.

The motion to dismiss the appeal is denied.

The order is affirmed.