### The People ex rel., etc., v. Frank Perrin et al.

1. MANDAMUS—*Petition Must Show Clear Right.*—A petition for
mandamus must show on its face a clear right to the relief asked.    It
must distinctly set forth all the material ·facts relied upon, so that the
same may be admitted or traversed.

2. SAME—*What Petitioner Must Show.*—Two rules in regard to the issuance of a writ of mandamus are well settled: First, the party applying for it must show a clear legal right to have the thing done which is asked for; second, it must be the clear legal duty of the party sought to be coerced, to do the thing he is called upon to do.

**Petition for Mandamus.**—Appeal from the Circuit Court of St. Clair County; the Hon. WILLIAM HARTZELL, Judge presiding. Heard in this court at the February term, 1902. Affirmed. Opinion filed September 11, 1902.

This is a petition for a writ of mandamus, commanding Frank Perrin, judge of the County Court of St. Clair County, to audit the account of petitioner, Louis G. Spannagel, as chief clerk of the board of election commissioners of the city of East St. Louis, and to issue a warrant upon the treasurer of said county in favor of petitioner, for the sum of $50 as a balance due petitioner on his salary as said chief clerk for the month of July, A. D. 1901, and commanding Adolph Andel, the treasurer of said county, to pay said warrant when issued.

Appellees demurred to said petition, as follows:

" And now come the defendants and demur to the petition herein, and say that the same in manner and form, as the same is above pleaded, is insufficient in law, and for cause of demurrer show :

1.   The petitioner has an adequate remedy · by appeal.
2.   The petitioner has not stated a cause of action.
3.   There is no salary due the petitioner.
4.   Petitioner's salary can not be increased or diminished during his term of office.

Wherefore, and for divers other good and sufficient causes of demurrer appearing upon the face of the petition, defendants pray judgment, etc."

The demurrer was sustained, and judgment for costs entered against petitioner, from which he appeals.

The petition alleges in apt form the organization of the board of election commissioners and his appointment as chief clerk on January 3, 1900, by Thomas Canavan, Louis Boesmenne and Gustav Horn, then constituting said board. That on the 7th of January following he took the oath required by law and duly qualified. That he was again

appointed December 22, 1900. That by virtue of said latter appointment, he has continued from thence hitherto to perform the duties of said clerk. That by Sec. 1 of Article 7 of Chap. 46, Act of 1885, Statutes of Illinois, the compensation of said clerk was $600 per annum. That by an amendment of said act, in force July 1, 1891, the salary of said clerk was fixed at $1,200 per annum.

Petitioner further alleges that it has been the custom of the county judge of said county on or before the fifth day of each month, to audit the accounts of the commissioners and the chief clerk for the preceding month, and to draw his warrant upon the county treasurer for the payment of the amount found due. That for the month of July, 1891, there was due petitioner, as chief clerk, the sum of $100. That on the 2d day of August the said judge of the County Court audited the account of petitioner and drew a warrant for the sum of $50, as the pay of petitioner for said month. That thereupon petitioner moved the court to audit his account as said clerk and draw the warrant upon the county treasurer for the sum of $100, as the act provided, whereupon the County Court then and there denied the motion and refused to draw a warrant for more than $50, and still refuses so to do. That your petitioner thereupon excepted to the action of the judge, which proceedings are a matter of record in the records of said court, appearing as follows:

"August 2, 1901, personally appeared in open court, this day, Louis Spannagel, chief clerk of the board of election commissioners of the city of East St. Louis, and moves the court to allow him the sum of $100 as salary as such chief clerk for the month of July, A. D. 1901, pursuant to an act of the General Assembly of the State of Illinois, approved May 11, 1901, and in force July 1, 1901. It appearing to the court that the said Louis Spannagel was appointed to the office prior to the time said act went into force, said motion is denied to the extent of allowing any amount over $50, and it is ordered that $50 be allowed for his salary for said month, and order is issued, exceptions by said chief clerk, by means whereof the petitioner is deprived of the said sum of $50 due him as chief clerk of said board of elec-

tion commissioners, to which he is justly and lawfully entitled under the act aforesaid."

DAN McGLYNN, attorney for appellant.

JAS. A. FARMER, attorney for appellees.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

A petition for mandamus must show on its face a clear right to the relief asked. It must distinctly set forth all the material facts relied upon, so that the same may be admitted or traversed. People ex rel. v. Glann, 70 Ill. 234; Canal Trustees v. People, 12 Ill. 254.

It is said in C. & A. R. R. Co. v. Suffern, 129 Ill. 281 :

" Two rules in regard to the issuance of a writ of mandamus are well settled : first, the party applying for it must show a clear legal right to have the thing done which is asked for; second, it must be the clear legal duty of the party sought to be coerced to do the thing he is called upon to do."

To the same effect is Lawrence E. McGann v. The People, etc., ex rel. Coffeen, 194 Ill. 526.

Tested by these rules, the petition is clearly insufficient. It does not aver that petitioner, upon his appointment on December 22, 1900, took the oath of office which he avers in his petition, when appointed in January, 1900, he was in law required to take.

It does not aver that when the petitioner applied to the county judge for a warrant for $100 that that amount, under the statute, was due petitioner.

The averment is, that it has been the practice and custom of the county judge to audit the accounts of the commissioners and chief clerk on or before the fifth day of each month, for the month next preceding.

For all that appears in the petition, this may have been the custom, and yet it may not be the duty of the judge, under the statute, to audit and issue a warrant monthly. Nor does the statute direct that the salary of the chief clerk shall be paid monthly. The only provision in the statute is, that the said chief clerk shall be paid " a salary

of $1,200 per annum " and that " it shall be the duty of the governing authority of such counties and cities to make provision for the prompt payment of such salaries and expenses." Hurd's Stat., Sec. 281, p. 833.

The statute imposed no duty upon the county judge to audit a monthly account for salary any more than it does to audit it weekly or quarterly.

An averment that the salary of the petitioner, under the statute, was then due, and that it was the duty of the judge therefore to audit the amount and issue the warrant, was a necessary averment.

The petition asked also for a writ compelling the treasurer to pay a warrant, which it shows was never issued. As there is no averment in the petition that the treasurer refused to pay the warrant for $50 which the judge did issue, it can not be ground for mandamus against him, that he has not paid a warrant which the judge refused to issue.

The petition failing to show a breach of duty on the part of the county judge to audit and issue a warrant, and failing to show any refusal of the county treasurer to pay an issued warrant, the demurrer was properly sustained.

This being so, the other questions sought to be raised are not before us for consideration.

Judgment affirmed.