## The People ex rel. James A. Mahoney et al., Appellee, v. School Directors of District No. 248, La-Salle County, Appellants.

### Gen. No. 4,930.

1. MANDAMUS—*what petition for, must show.* A petition for mandamus must show upon its face a clear right to the relief demanded and that it is the legal duty of the party sought to be coerced to do the thing he is called upon to do. It must set forth all the material facts relied upon so that the same may be traversed or admitted. It must negative any facts which might defeat the right to the writ.

2. MANDAMUS—*when demurrer should be carried back to petition.* If there is a defect in a petition for mandamus, such that the judgment should be arrested, a demurrer to a subsequent pleading should be carried back to the petition.

3. MANDAMUS—*when petition for, defective.* A petition for mandamus to compel the borrowing of money to build a school house by issuing bonds and to erect a school house upon a new school site, is defective in failing to allege that the district is not indebted to the full extent of the constitutional limit or that it has no money on hand available for building such school house; also in failing to allege that the voters of the district have voted upon the amount of the bonds, etc.

4. SCHOOLS—*what preliminary to issuance of bonds to erect school house.* Since the statute of 1889 it is necessary as a preliminary to the right to borrow money and issue bonds to erect a school house that the voters of the district vote upon the proposition as to the amount of the bonds to be issued, the time of payment thereof, etc.

Mandamus. Appeal from the Circuit Court of La Salle County; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed March 11, 1908.

BUTTERS, ARMSTRONG & FERGUSON, for appellants; ROBERT CARR, of counsel.

EDWARD J. KELLY, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court. This is a proceeding for a writ of mandamus. The peti-

tion is filed in the name of the People of the State of Illinois ex rel. James A. Mahoney and others, against the Directors of School District No. 248 in township 35, range 3, in LaSalle county, to compel the directors to borrow sufficient money to build a school house by issuing bonds of said district and to erect a school house upon a new school site. The directors filed a demurrer to the petition but afterwards abandoned the demurrer and filed an answer consisting of twenty-five paragraphs attempting to set forth several defenses to the petition. The relators filed a demurrer to certain paragraphs and a motion to strike others. The court sustained the demurrer to several paragraphs and struck others, leaving five paragraphs answering the petition. The directors afterwards withdrew the five paragraphs and an order of default was entered against them for failure to comply with a rule to answer. Judgment was entered awarding a peremptory writ ordering the directors "to proceed forthwith with the erection of a school house" on the site described in the petition "and to borrow sufficient funds for the erection of such school building and issue bonds of the said school district therefor as provided by law."

The assignments of error question the action of the court in striking the parts of the answer that were stricken, the sustaining of the demurrer to the paragraphs of the answer to which it was sustained and insist that it should have been carried back and sustained to the petition, and that the petition is not sufficient to sustain the judgment awarding the writ.

A petition for mandamus must show upon its face a clear right to the relief demanded and that it is the legal duty of the party sought to be coerced to do the thing he is called upon to do. It must set forth all the material facts relied upon so that the same may be traversed or admitted. Board of Supervisors v. The People, 222 Ill., 9; Lavalle v. Soucy, 96 Ill., 467; People v. Perrin, 103 Ill. App., 410. It must negative any facts which might defeat the right to the writ. Gormley v. Day, 114 Ill., 185; 13 Encyc. of Pl. & Pr., 679. If there is a defect in the petition such that the judgment

should be arrested the demurrer to a subsequent pleading should be carried back. People ex rel. v. Crabb, 156 Ill., 155.

The petition in this case does not set forth that the district is not now indebted to the full extent of the constitutional limit, or that said district has any money on hand so available for building a school house. It does allege that the voters of the district voted "in favor of issuing the bonds of said district for the purpose of raising money wherewith to build such school." It neither alleges that the voters voted upon the amount of the bonds, nor when said bonds shall become due. Prior to the statute of 1889, it was not necessary that the amount of the bonds should be voted upon. People v. Sisson, 98 Ill., 335. That case was decided while section 47 of chapter 122 of the statute, passed in 1874, was in force regarding borrowing money by school districts. In 1889 the entire school law was revised, and section 4 of article IX of that revision (Hurd's Stat., 1905, chapter 122, section 218, page 1826) provides a form of notice to be given. This section provides:

"4. Whenever it is desired to hold an election for the purpose of borrowing money as provided for in this article of this act, the directors of the district in which such election is to be held shall give at least ten days' notice of the holding of such election by posting notices in at least three of the most public places in such district. Such notices shall specify the place where such election is to be held, the time of opening and closing the polls, and the question or proposition to be voted upon: Which notice may be substantially in the following form, viz.:

Notice of Election.

Public notice is hereby given that on the —— day of ——, A. D. —— an election will be held at —— school district No. ——, in township No. ——, range No. ——, of the principal meridian in —— county, Illinois, for the purpose of voting 'For' or 'Against' the proposition to issue the bonds of said school district No. —— to the amount of

—— dollars falling due (Here insert the times of payment, giving the amount falling due each year, if the bonds mature at different dates), which bonds are to bear interest at the rate of —— per annum, payable —— annually."

The remaining part of the notice concerns the time of opening and closing the polls, the date of the notice, and the signature of the directors. The form of the notice is a part of the legislative act. There is nothing contradictory between the form of the notice and the preceding part of the section. "It is an established rule, in construing a statute, that the intention of the law giver and the meaning of the law are to be ascertained by viewing the whole and every part of the act. One part of a statute must be so construed by another that the whole may, if possible, stand; and that, if it can be prevented, no clause, sentence or word shall be superfluous, void or insignificant." Broom's Legal Maxims, 521; Williams v. People, 17 Ill. App., 274; 26 Am. & Eng. Encyc. of Law (2d ed.), 616. The form in the act in question must be considered as a legislative exposition of the question or proposition to be voted upon.

The petition fails to plead either what notice was given for the election or what amount, if any, of bonds was to be issued. The only allegation in that regard is that there was a vote in favor of issuing bonds to build a school house. No case had been cited, decided since the passage of the act of 1889, wherein the voters did not vote upon the amount of bonds to be issued. The petition was insufficient in not alleging the amount of bonds that was voted to be issued, and that the amount to be issued would not make the indebtedness of the district beyond the constitutional limit. It is unnecessary to pass upon the other question argued. The demurrer should have been carried back and sustained to the petition. The cause is reversed and remanded with directions to sustain the demurrer to the petition with leave to petitioners to amend.

*Reversed and remanded with directions.*