### The Town of Sparland

#### *v.*

### George O. Barnes *et al.*

*Filed at Ottawa May 14, 1881.*

1. Taxation by municipal corporations—*limitations in special charters—effect of acts of 1872, 1877 and 1879.* The act of 1872, conferring power upon cities and villages to assess and collect taxes, and defining the manner in which this power shall be exercised, as originally adopted has no application to towns and cities organized under special charters.

2. The act of 1877, entitled "An act in regard to the assessment and collection of municipal taxes," was intended to provide a uniform system for the assessment and collection of taxes in cities and towns, without regard to whether they were incorporated under special charters or the general incorporation law, but it does not operate as a repeal of the provisions of special charters imposing limitations on the power of taxation.

3. The act of May 28, 1879, amending the act of 1872, in respect to taxation by cities and villages, limiting the power to two per cent upon the aggregate valuation of the taxable property, does not interfere with pre-existing limitations in special charters upon the taxing power, but was intended simply to provide a uniform limitation in cases where none had theretofore existed, as, in cities, etc., organized under the general law.

APPEAL from the Circuit Court of Marshall county; the Hon. JOHN BURNS, Judge, presiding.

Messrs. SHAW & EDWARDS, for the appellant.

Messrs. BARNES & MUIR, for the appellees.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal from a judgment of the circuit court of Marshall county, awarding a peremptory *mandamus* against the town of Sparland, the appellant in this case, requiring it to levy and collect a tax sufficient to pay a certain judgment which had theretofore been rendered against it, in favor of one Mary Placher, for the sum of $1500, on account of an injury received by her, resulting from a defective sidewalk.

By the terms of the order, the levy was limited to two per cent on the assessed value of all property subject to taxation within the corporate limits of the town. No question is made as to the justice of the claim.

The answer to the petition admits the judgment and the legal liability of the town to pay it, but claims the town has no power to levy the requisite tax for that purpose. The answer alleges, that the town is incorporated under a special charter, which limits the power of taxation for corporate purposes to five mills on the dollar, or fifty cents on every hundred dollars' worth of taxable property in the town, which, it is averred, after defraying the current and necessary expenses of the town, leaves nothing to apply on the judgment.

To this answer the court sustained a demurrer, and awarded a peremptory *mandamus,* and the ruling of the court upon the sufficiency of this answer is relied on for reversal.

This defence is based on the legal hypothesis that the town has no power to levy a tax in excess of the limitation contained in its charter, and this really is the only question in the case.

Article 8, of the act of 1872, entitled "An act to provide for the incorporation of cities and villages," (Sess. Laws of 1872, page 246,) confers the power upon cities and villages to assess and collect taxes for corporate purposes, and defines the manner in which this power shall be exercised, but contains no limitation on the amount to be levied, other than the legitimate wants and necessities of the municipalities, subject to the provisions of the act. It is conceded that this act, as originally adopted, has no application to towns and cities organized under special charters.

In 1877, however, the legislature passed another act, entitled "An act in regard to the assessment and collection of municipal taxes," which, in express terms, extended the provisions of the 8th article of the act of 1872 to towns and cities organized under special charters, leaving the act of 1872 as it was before, without any limitation on the power to levy taxes, other than that just mentioned. See Sess. Laws of 1877, page 61.

We held in *Binkert* v. *Jansen,* 94 Ill. 283, and *Weber* v. *Traubel,* 95 id. 427, that the only object of the act of 1877 was to provide a uniform system for the assessment and collection of taxes in towns and cities, without regard to whether they were incorporated under special charters or the general incorporation law, and hence that it did not operate as a repeal of the provisions of special charters imposing limitations on the power of taxation.

On the 28th of May, 1879, the legislature amended the first section of the act of 1872, by limiting the power of taxation by towns and cities to two per cent upon the aggregate valuation of the taxable property within such municipalities, and it is claimed by appellee that the effect of this amendment was to repeal that provision in appellant's charter limiting its power of taxation to one-half per cent, and to place appellant, with respect to such power, on the same footing with cities and villages organized under the general incorporation law. While this view certainly has much

force in it, yet, upon very mature consideration, we are of opinion the legislature did not intend, by the act of 1879, to interfere with existing limitations in special charters on the power of taxation, but intended simply to provide a uniform limitation in cases where none had theretofore existed, as was the case in cities and villages organized under the general incorporation law. And, if this be the proper construction of the act of 1879, as we hold it is, it follows that the court erred in sustaining the demurrer to appellant's answer to the petition.

For this error, the judgment of the court below will be reversed, and the cause remanded, with directions to overrule the demurrer to the answer, and dismiss the petition.

*Judgment reversed.*