The Chicago and Alton Railroad Company

*v.*

The People *ex rel.* Begole, County Treasurer.

*Opinion filed December 21, 1898.*

1. Taxes—*when city cannot levy tax in excess of two per cent limitation.* A city organized under the general law cannot make a tax levy exceeding the two per cent limitation to pay a judgment against the city not rendered on a bonded debt.

2. Same—*tax to pay judgment must be within the two per cent limitation.* Upon making the annual tax levy for corporate purposes, including the payment of a judgment not on a bonded debt, the other expenses must be abated, if necessary, to bring the entire levy within the statutory limitation.

Appeal from the County Court of St. Clair county; the Hon. E. C. Rhoads, Judge, presiding.

M. J. Scrafford, and William Brown, Jr., (William Brown, of counsel,) for appellant.

Forman & Browning, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

The treasurer of St. Clair county applied to the county court of said county for a judgment against the property of appellant for a balance of taxes levied by the city of East St. Louis for the year 1897, which appellant had refused to pay. Appellant appeared and made objection that the unpaid balance was levied and extended without authority of law. The objection was overruled and there was a judgment and order of sale.

The city of East St. Louis is organized under the general law for the incorporation of cities and villages, and the aggregate amount of taxes which it may levy in any one year, exclusive of the amount levied for payment of bonded indebtedness, with interest thereon, is limited to two per cent upon the aggregate valuation of all prop-

erty within said city subject to taxation therein, as the same was equalized for State and city taxes for the preceding year. (Hurd's Stat. sec. 1, art. 8, chap. 24; *People v. Lake Erie and Western Railroad Co.* 167 Ill. 283.) The tax in question exceeded two per cent of such aggregate valuation after eliminating from the levy the sums appropriated for the payment of a judgment against the public library and reading room, for the maintenance of the library, and for the payment of the judgment of W. McK. Hubbard against the city for bonded indebtedness, about which items there is no dispute. The remaining items, as stated in the ordinance, are as follows:

| | |
|---|---:|
| For supplying water to the city. | $17,000 |
| For electric street lighting | 16,000 |
| For streets, alleys and bridges | 20,000 |
| For sewerage | 2,000 |
| For police department | 10,000 |
| For fire department | 12,500 |
| For officers' fees and salaries | 5,000 |
| For public buildings and grounds | 2,000 |
| For election purposes | 3,500 |
| For printing | 2,000 |
| For litigation expenses | 1,500 |
| For city court | 5,000 |
| For contingent expenses | 1,000 |
| For payment of judgment, interest and costs case of *J. M. Freels* v. *City of East St. Louis* | 8,000 |

It was agreed at the hearing that the judgment in favor of Freels was for legal services, and not for bonded indebtedness. It was therefore to be included with the other items in the levy, which, in the aggregate, must not exceed the limitation of two per cent. It was agreed that a levy of two per cent was necessary to pay the ordinary expenses of the city for which the levy was made, and it is insisted that a levy for the payment of the judgment might be in excess of the statutory limitation. We can see no foundation for this claim. It might be very convenient and desirable to raise as much as the law will permit and expend it for other purposes, and make an additional levy to pay the judgment; but the statute can

not be evaded in that way. The only difference in respect to the judgment is, that a legal liability has been fixed and the city is bound to pay it, and, being bound to keep within the limitation, must abate from the sums which the officials would like to expend, sufficient to bring the entire levy within the two per cent.

The decisions in *City of East St. Louis* v. *Amy*, 120 U. S. 600, and *City of East St. Louis* v. *People*, 124 Ill. 655, have no relation to this question. In each of those cases the obligation was a bonded indebtedness, which the constitution required the city to levy a sufficient tax to pay, and was of a class excepted from the limitation by the statute under consideration.

The judgment against appellant's property for the excess in the amount levied for current expenses and the payment of the Freels judgment above the two per cent limitation was erroneous. The judgment will be reversed and the cause remanded.                *Reversed and remanded.*