# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

THE BOARD OF SUPERVISORS OF WHITE COUNTY

*v.*

THE PEOPLE *ex rel.* Commissioners of Highways.

*Opinion filed June 14, 1906.*

1. ROADS AND BRIDGES—*when county cannot be compelled to appropriate money for bridges.* A county board cannot be compelled to appropriate money to meet one-half the expense of building bridges in a town, even though the highway commissioners have fully complied with the statute authorizing such appropriation, where there is no money in the county treasury which might lawfully be appropriated for that purpose and the county is already indebted beyond the constitutional limit.

2. MUNICIPAL CORPORATIONS—*when municipal corporation must carry on its business on cash system.* A municipal corporation which is indebted up to the limit fixed by the constitution must carry on its business on the cash system, and not upon credit to any extent or for any purpose.

3. MANDAMUS—*performance of acts in violation of constitution will not be enforced.* Where acts enjoined upon a county board by statute cannot be performed without a violation of the constitution, the performance of such acts will not be enforced by *mandamus.*

4. SAME—*what is necessary to justify awarding mandamus to compel payment of money.* To justify a court in awarding a writ of *mandamus* involving the expenditure of money, it must appear that the necessary funds are on hand or otherwise under the control of the defendant.

APPEAL from the Circuit Court of White county; the Hon. P. A. PEARCE, Judge, presiding.

PARKER & PEARCE, NOAH G. BAINUM, and S. L. GARRISON, for appellants.

WILLIAM L. MARTIN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The commissioners of highways of the town of Phillips, in White county, filed in the circuit court of said county a petition for a writ of *mandamus* to compel the board of supervisors of said county to appropriate the sum of $1000 to meet one-half the expenses of building two bridges in said town. The facts set forth in the amended petition showed a full compliance by the commissioners with all the provisions of section 19 of the act in regard to roads and bridges in counties under township organization, as amended by the act approved June 17, 1891, in force July 1, 1891. (Laws of 1891, p. 188.) The answer of the defendants did not deny any of the facts so alleged, which were therefore admitted, but it alleged as a defense to the action the following facts: That there was no money in the treasury of said county out of which the appropriation asked for could be paid; that defendants had for more than two years last past caused to be levied and collected taxes for county purposes to the amount of seventy-five cents on each $100 valuation of property in the county; that the taxes so collected had been exhausted in the payment of the ordinary expenses of the county, and the county was unable to raise an additional amount of money

for any purpose; that the legal and valid bonded indebtedness of the county outstanding at the time the petitions for aid were presented to the board and at the time the answer was filed amounted to $196,000; that the total value of the property of the county as ascertained by the last assessment for State and county taxes was $2,869,541; that such indebtedness was above the limit prescribed by section 12 of article 9 of the constitution, and that by reason of said indebtedness the defendants could not legally make the appropriation asked for and appoint a committee to act on behalf of the county to make contracts for building the bridges. The relators demurred to the answer and the demurrer was sustained. The defendants elected to stand by the answer, and judgment was thereupon entered awarding the writ of *mandamus* as prayed for. The appeal in this case was prosecuted from that judgment.

The averments of the petition, not denied by the answer and therefore admitted, show that the commissioners of highways complied with the provisions of the statute which required the board of supervisors to appropriate from the county treasury a sum sufficient to meet one-half the expenses of building the bridges, and to appoint three members of the board of supervisors to represent the county in making all contracts necessary for the construction of such bridges. It has several times been held that where a petition to a board of supervisors shows a compliance with the statute on the part of the commissioners and the necessary facts are found to exist, it is the duty of the board to make the appropriation asked for, and the duty will be enforced by writ of *mandamus*. (*Macon County* v. *People*, 121 Ill. 616.) If, however, the acts enjoined by the statute cannot be performed in a particular case without a violation of the constitution, it is neither the right nor duty of a county board to perform such acts and their performance will not be enforced by the courts. Section 12 of article 9 of the constitution prohibits a county from becoming indebted, in any manner or

for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding five percentum on the taxable property therein, to be ascertained by the last assessment for State and county taxes previous to the incurring of such indebtedness. If there was no money in the treasury of White county which could be lawfully appropriated to meet one-half of the expenses of building these bridges and the county was indebted beyond the limit fixed by the constitution, it would have been a violation of the constitution to create any further indebtedness, although the statute required it to be done. The constitutional prohibition applies to all kinds of indebtedness, including that incurred for ordinary current expenses, and any municipality indebted to the limit fixed by the constitution must carry on its business on the cash system, and not upon credit to any extent or for any purpose. (*Prince* v. *City of Quincy,* 128 Ill. 443.) It has been held that a municipality so indebted cannot enter into a contract for the purpose of performing its regular duties and exercising its chartered powers, even where monthly payments are to be made as the work progresses. *City of Chicago* v. *McDonald,* 176 Ill. 404.

The facts alleged in the answer and admitted by the demurrer are, that there was no money in the treasury out of which the appropriation could be paid; that taxes had been levied and collected to the limit fixed by the law, and the taxes so collected had been exhausted in the payment of ordinary expenses of the county, and that the county was indebted beyond the limit fixed by the constitution. There being no money in the treasury out of which an appropriation could be paid, the contract for the construction of the bridges would have created an indebtedness in violation of the provision of the constitution. If the legislature intended, as urged by counsel, that bridges should be built and that there should not be a return to the primitive method of fording creeks and rivers, such intention cannot be enforced in a case where its enforcement would accomplish a violation of

the constitution. The court erred in sustaining the demurrer to the answer and entering judgment awarding the writ.

To justify a court in awarding a writ of *mandamus* involving an expenditure of money, it must appear that the necessary funds are on hand or otherwise under the control of the defendant. *Hall* v. *People*, 57 Ill. 307.

The judgment of the circuit court is reversed and the cause remanded.　　　　　　　*Reversed and remanded.*