(No. 14188.—Judgment reversed.)

THE PEOPLE *ex rel.* John T. Cox, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 22, 1921.*

1. MUNICIPAL CORPORATIONS—*the act of 1909 requires a vote on proposition to issue improvement bonds for amount of public benefits.* The act of 1909, (Laws of 1909, p. 130,) requiring a vote of the people on an ordinance to issue certain bonds, does not apply to improvement bonds issued against a special assessment on private property benefited but does apply to improvement bonds issued to pay the amount assessed as public benefits.

2. TAXES—*judgment against city for unauthorized bonded indebtedness does not justify levy of tax in excess of statutory limit.* A judgment against a city recovered on improvement bonds which it has issued without a vote of the people to pay the public benefits assessed does not justify the levy of a tax in excess of the statutory limit although such judgment was not appealed from, as the statutory limitation on municipal taxation cannot be evaded by issuing invalid bonds and then consenting to judgment thereon.

APPEAL from the County Court of Crawford county; the Hon. JOHN C. MAXWELL, Judge, presiding.

P. J. KOLB, and JONES & LOWE, (L. J. HACKNEY, and H. N. QUIGLEY, of counsel,) for appellant.

EDWARD J. BRUNDAGE, Attorney General, CHARLES E. JONES, State's Attorney, and WESNER & WESNER, for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellant objected in the county court of Crawford county to a judgment for an excess of $74.54 taxes assessed against it by the village of Flat Rock, in said county. The first ground of objection was that the village tax was extended at the rate of forty-two and two-thirds cents on each $100 valuation in excess of the statutory maximum rate of $1.33⅓; that said excess in the rate was occasioned by an item of $1750 included in the appropriation and levy ordinance of the village for the year 1920 which was levied "for the payment of the judgment rendered against the village of Flat Rock, Illinois, * * * judgment being rendered on improvement bonds." The second ground of objection was that the question of the right of the village to levy and collect the excess taxes for the payment of the bonds upon which the judgment had been rendered had been three times, in three successive years, adjudicated in the county court of that county on objection to taxes, wherein judgment was denied for taxes sought to be levied and collected for the payment of said bonds. These objections were overruled and judgment entered, and the matter comes here for review.

The facts on the hearing showed that the village of Flat Rock had passed an ordinance for the improvement of certain streets in the village at a total cost of $14,759.20, of which amount $5026.14 was levied as special taxation against the contiguous property and $9733.06 was levied against the village as general public benefits, to be paid by general taxation. The assessment was divided into six annual installments. W. A. Wessner, village clerk, testified for appellee that the village issued bonds in a sum sufficient

to cover the entire improvement, including the part to be paid by the village by general taxation as well as that levied against contiguous property. It is conceded that the question of issuing the bonds to pay the sum of $9733.06 levied against the village as public benefits was not submitted to a vote of the people. The appellee's evidence also shows that the bonds upon which the judgment for $1750 was rendered were those issued by the village to pay a portion of the amount of the costs of the improvement levied against the public,—that is, a portion of the sum of $9733.06,—and the objection is that as the judgment rendered in the case was upon bonds which the village was not authorized to issue, and which were therefore not legal, the tax levied to pay said judgment must be included within the statutory limitation.

The legislature in 1909 passed an act directing that no ordinance thereafter passed by any city council or trustees of any village providing for the issuance of bonds, except bonds to refund existing bonded indebtedness, shall become operative, effective or valid until such ordinance shall have been submitted to the voters of such city or village and approved by a majority of such voters voting upon the question. (Laws of 1909, p. 130.) Appellee urges, however, that this does not apply to special assessment bonds. It was held in *City of Lawrenceville* v. *Hennessey,* 244 Ill. 464, that the legislature did not intend that the act of 1909 was to apply to bonds issued by a city to pay for an improvement in a district embracing only part of a city and where the bonds are not paid by taxation but by assessment against the property benefited. To the same effect are *City of Nokomis* v. *Zepp,* 246 Ill. 159, and *City of Chicago* v. *Crozer,* 246 id. 511.

In the case of *Hallett* v. *City of Elgin,* 254 Ill. 343, this court draws the distinction between bonds issued to pay the cost of an improvement levied against contiguous property

and bonds levied against the cost of an improvement to be paid by public taxation, though not directly deciding the question raised here.  While this question has not been directly passed upon in this State, it is obvious, both upon reason and the distinction drawn in the case cited between bonds to pay the cost of an improvement which is levied against contiguous property and those issued to pay the cost levied against the public and to be paid by general taxation, that the law of 1909, though not applicable to bonds levied to pay assessments against contiguous property, is applicable to bonds to be paid by general taxation.  It seems clear that the act of 1909 should not apply to bonds issued against special assessment funds, for the reason that the public in general have no interest in the issuance of bonds made payable out of the property of certain districts of the city, only, and therefore are not entitled to vote upon such bonds.  Applying the same reasoning, it will be seen that where a city or village seeks to issue bonds to pay that part of the cost of a local improvement which is assessed against the public the whole people of the city or village are affected, and therefore have a right, under the law of 1909, to a voice in the matter of the issuance of such bonds. It seems clear that the village had no authority to issue the bonds upon which the judgment in this case was based, so that the cases cited by the appellee are not in point on this question.

But it is said that this is nevertheless a judgment on these bonds, and that such judgment having been entered and not appealed from cannot be attacked collaterally in these proceedings, but that it stands as a judgment for village bonds and is not required to be included within the statutory limitation governing the rate of taxation.  Taxes, no matter what their nature, purpose or form, except for the payment of bonded indebtedness and interest thereon, are expressly brought within the statutory limitation.  This

limitation cannot be avoided by permitting obligations, other than bond obligations against a city or village, to take the form of judgments. To do so would open the door to an evasion of the statutory limitation of taxation. *Chicago and Alton Railroad Co. v. People,* 177 Ill. 91; *People v. Chicago, Lake Shore and Eastern Railway Co.* 270 id. 477; *People v. Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 271 id. 195.

We do not understand, and it does not appear in the record, how judgment on these bonds was secured. This, however, is not material, as the validity of the judgment as a judgment is not in any way involved in these proceedings. But the fact that such judgment is a valid judgment and cannot now be attacked, even though erroneously entered, does not establish that it was entered upon valid municipal bonds. Where it is sought to levy a tax to pay a judgment over and above the statutory limitation of taxation, on the ground that such judgment is one for bonded indebtedness, there is no presumption that such judgment was entered for valid subsisting bonds. If this were true, cities and villages might issue invalid bonds to the constitutional limit, and then, by consenting to judgment thereon, be authorized to levy a tax in excess of the statutory limitation to pay such judgment, when they would have no authority whatever to levy any tax over said limit to pay the bonds themselves.

It being admitted that these bonds were for a part of that portion of the improvement which was to be paid by general taxation, the judgment secured on such bonds must be included within the limitation placed upon the village to levy taxes for village purposes. The objection to the excess tax should therefore have been sustained.

The conclusion we have reached on this point makes it unnecessary to consider the other grounds of objection.

The judgment of the county court is reversed.

*Judgment reversed.*