(No. 27496.— )

FRANK C. LEVITON, Appellee, *vs.* BOARD OF EDUCATION OF THE CITY OF CHICAGO *et al.*, Appellants.

*Opinion filed January 20, 1944—Rehearing denied March 22, 1944.*

RICHARD S. FOLSOM, (FRANK S. RIGHEIMER, FRANK R. SCHNEBERGER, and JAMES W. COFFEY, of counsel,) all of Chicago, for appellant Board of Education.

POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND, (FLOYD E. THOMPSON, and ALBERT E. JENNER, JR., of counsel,) all of Chicago, for appellant F. J. Lewis.

KRIEBEL & HUBBARD, and ROSS & WATTS, (W. W. KRIEBEL, JR., of counsel,) all of Chicago, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This appeal is a sequel to *Leviton* v. *Board of Education*, 374 Ill. 594. The former appeal was from an order of the circuit court of Cook county allowing a motion to dismiss plaintiff's complaint for want of equity. The order was reversed and the cause remanded with directions to overrule the motion. This appeal is from a decree entered after a hearing of evidence. It enjoins the board of education of the city of Chicago, the president and secretary of the board, the mayor and comptroller of the city from issuing, certifying or selling bonds of the board of education, which bonds were to be issued to obtain funds to satisfy a judgment held by F. J. Lewis against said board of education.

The gist of the complaint, filed by a taxpayer, was that the board was about to exercise a power purported to be conferred by an act of the General Assembly passed in 1937, (Ill. Rev. Stat. 1943, chap. 122, par. 327.62 *et seq.*,) which enactment, it was alleged, was unconstitutional when the power conferred therein was to be exercised for the purpose of providing funds to pay judgments such as the one held by F. J. Lewis. On the contentions made on the former appeal we held the act violated the State constitution. Lewis was not a party to the action until after the cause was remanded, when he was granted leave to intervene. The defendants on the original appeal and Lewis filed separate answers. The allegations of the complaint.

remained the same as when the cause was remanded. Evidence was introduced and a decree entered as indicated. Lewis appealed to this court urging constitutional questions. The board of education has taken a separate appeal. The board's appeal is in the form of an alternative in that it asks that the decree appealed from be reversed unless it is adjudged that Lewis's judgment is void, in which event, it asks this court to affirm the decree. Lewis does not seek a reversal of the former holding of this court that the statute under which the bonds were to be issued was unconstitutional, but endeavors to bypass the effect of that holding by having it determined that his judgment is final and conclusive of every question litigated in the case in which the judgment was taken and that the same questions can not be relitigated in this proceeding.

Such contention calls for a brief statement of the facts as admitted by the pleadings and established by the evidence. In December, 1928, and the early part of 1929, the board of education of the city of Chicago levied taxes for the year 1929. They were levied for educational, building and playground purposes. Soon after the levies were adopted, the board of education, pursuant to authorization from the city counsel, issued tax anticipation warrants against each of the three funds. The amount issued against any one fund did not exceed 75 per cent of the levy for that fund and in that regard was within the requirements of section 132 of the School Law. (Ill. Rev. Stat. 1943, chap. 122, par. 155.) Had it not been for events thereafter occurring, the tax levied would have been ample, if collected, to have discharged the anticipation warrants in full. However, the State Tax Commission ordered a reassessment of all property in the city of Chicago. Such reassessment prevented the county clerk from extending the taxes for the year 1929 until 1931, thereby increasing the amount of interest accruing on the warrants. For causes not material here, the amount of taxes extended

was greatly reduced from that provided in the levies. The decrease in the amount of tax extended and the increase in the interest liability presented the situation which gives rise to the litigation in this case and many others of a like character.

After the taxes were collected on the 1929 levy, the board of education applied 75 per cent of the amount collected to the payment of the warrants. After practically all of the available tax money had been so applied, there were unpaid warrants totalling about ten million dollars. Lewis held unpaid warrants against the educational and building funds, but since the principle that controls these warrants is applicable to warrants against both funds, no distinction will be made between them.

The General Assembly adopted an act which became effective July 10, 1933, (Laws of 1933-34, 1st, 2nd and 3rd Special Sessions, page 241,) which undertook to authorize municipalities in the class to which the board of education of the city of Chicago belonged, to issue bonds for the purpose of paying unpaid tax-warrants. The validity of this statute was attacked in a taxpayers' suit and on appeal it was held that the statute violated section 9 of article IX, and section 2 of article II of the State constitution. (*Berman* v. *Board of Education,* 360 Ill. 535.) The judgment in this case became final at the June term, 1935, when a petition for rehearing was denied.

In July, 1935, the Norfolk & Western Railway Company started an action against the board of education questioning the method the board had followed in applying the taxes collected on the 1929 levy to the payment of the anticipation warrants. The warrants as issued were identified by letter as to the fund against which they were drawn and were numbered beginning with 1 and progressing to the next higher number as each warrant was issued. The numbering appears to have been a matter of convenience and bookkeeping, for the statute, as it then existed,

did not require that school anticipation warrants should be numbered, and there was no provision fixing order of payment. The statute has been amended in that regard since that time. The warrants were paid in the order of issue. In the action of the Norfolk & Western Railway Company, a judgment was obtained against the board of education of the city of Chicago in the Federal district court for more than a million dollars. Recovery was allowed on the theory that all anticipation warrants issued against any particular fund were of the same priority in payment and that taxes collected and distributed to the fund should be paid pro rata on all warrants issued against the fund. The decree entered directed that the board of education should apply the money on hand on a prorata basis in part payment of the unpaid warrants, and that tax money subsequently collected should be likewise prorated. An accounting was ordered to determine the amount the plaintiff in that case would have received had the tax money collected prior to the commencement of the suit and used in payments of other warrants in full been prorated to all warrants drawn against the fund. After the amount was determined, judgment was entered against the board for the same. This decree was affirmed in the United States Circuit Court of Appeals. *Norfolk & Western Railway Co.* v. *Board of Education,* 88 Fed. (2d) 462.

Thereafter, other parties holding warrants issued against the 1929 tax levy started suits, some in State courts and others in the Federal court, but all sought recovery upon the same theory as was approved by the Circuit Court of Appeals in the *Norfolk & Western case.* Some of those cases have proceeded to final judgment while others are pending either on appeal or in the trial courts. Appellant F. J. Lewis obtained a judgment against the board of education for more than $70,000; his right of recovery was founded upon the theory adopted by the Federal court in the *Norfolk & Western case.*

The act of July 12, 1937, is entitled, "An Act to authorize the board of education of any school district constituted by law in any city having a population exceeding 500,000 inhabitants, to issue bonds to pay judgment indebtedness." Section 1 provides that any school district constituted by law in any city having a population exceeding 500,000 inhabitants is authorized to issue bonds to pay judgment indebtedness based upon an order or decree of any court of record theretofore or thereafter entered. It contains a proviso that bonds shall not be issued to pay any judgments rendered for money due upon unpaid claims for services rendered, for supplies or for material. It regulates the rate of interest the bonds shall bear, their sales at par and that they shall mature within 20 years from their date. Section 6 declares that, before or at the time of issuing the bonds, an ordinance shall be adopted providing for the levy and collection of a direct annual tax upon all the taxable property of the district sufficient in amount to pay the principal and interest. Such tax is to be in addition to, and exclusive of, the maximum of all other taxes which such board of education or such city council is already authorized by law to levy.

In *Berman v. Board of Education,* 360 Ill. 535, the act of 1933 which authorized the issuance of bonds to pay anticipation warrants issued against the 1929 levy was considered and held unconstitutional. After a review of the authorities, we said: "From these and numerous other authorities it seems clear that tax anticipation warrants are not debts and do not represent direct legal obligations of the municipality issuing them. It follows that an appropriation and levy for their payment must fail, since not for a corporate purpose. Where the money is not due as a result of any promise, contract or debt of the municipality, little justification can be found for an appropriation to pay private holders of tax anticipation warrants the moneys which they have failed to collect from the sources

to which such collections are exclusively confined. An appropriation for such a purpose certainly could not be deemed an appropriation for a corporate purpose."

In *Dimond* v. *Commissioner of Highways*, 366 Ill. 503, where legislation authorizing the payment of anticipation warrants out of available revenue was under consideration, it was said: "Each of the acts of 1931 and 1933, in providing for the payment of anticipation warrants out of any available revenue derived from taxes or otherwise, other than the fund anticipated, violates section 9 of article IX and the due process clause, of the constitution."

Bonds issued by the defendant board of education to pay outstanding tax anticipation warrants for the years 1928 and 1929 were considered on an objection to a tax levy in *People ex rel Toman* v. *Granada Apartment Hotel Corp.* 381 Ill. 41. It was said: "It is settled that legislation authorizing the issuance of bonds for the purpose of liquidating tax anticipation warrants is unconstitutional. * * * The present attempt to accomplish by indirection what obviously can not be done directly represents another effort to obtain liquidation of tax anticipation warrants in contravention of the law."

On the former appeal of this case it was said: "To the extent that the act of July 12, 1937, authorizes bonds to be issued and sold to discharge judgments based on liability arising out of unpaid tax anticipation warrants, it is void because of the prohibition contained in section 9 of article 9 of the constitution."

From these holdings it must be taken as the established law of this State that a statute which undertakes to authorize the payment of tax anticipation warrants out of revenue other than the levy against which they are drawn transcends constitutional provisions.

Lewis advances various contentions by which he seeks to avoid the application of the foregoing principle to his judgment. He calls attention to the fact that in obtaining

his judgments he did not declare upon the warrants but limited his right to recovery to an amount he should have received from the tax money collected on the 1929 levy had it been paid pro rata on all warrants issued against the fund. The difference in the character of the actions does not in itself obviate the application of the rule, for if plaintiff's theory of recovery was but a plan of procedure designed to impose a liability upon the school district to pay a tax anticipation warrant, then the judgment could not be paid from the bond fund, for it would be the using of money, later to be replaced by tax levy, for other than a corporate purpose. The constitutional requirement that it can not be levied for other than corporate purposes can not be circumvented by a mere matter of form. On the former appeal, (374 Ill. 594,) it was pointed out that judgments such as Lewis had must be founded either upon a liability upon the warrants or a liability for the breach of duty by the officers of a *quasi*-municipal corporation, neither of which could be enforced against the board of education.

Lewis's main contention is that the instant proceeding constitutes a collateral attack upon his judgment and that any inquiry into the facts to determine the basis of the judgment is a relitigation of the issues in the former case. It can hardly be said that without the inquiry as to the basis of plaintiff's judgment we would not be advised on such matters, for the pleadings and admissions contained therein disclose that Lewis's judgment was to recover that part of the 1929 taxes which he contends he failed to receive by reason of mispayment on other warrants. In plaintiff's suit, based upon his right as a taxpayer, he questions the authority of the board of education to issue and sell the bonds in question. He contends that the issuance of the bonds to provide funds to pay the judgment and the levying of taxes to pay the bonds when they mature, is burdening the district with a liability which it is not obli-

gated by law to pay and would be for other than a corporate purpose. It will be observed that plaintiff's attack is not upon the judgment or any writs issued on it to enforce its collection but upon the right and authority of the board to apply the money derived from a sale of the bonds to the payment of the judgment. When it has been determined, as it was on the former appeal, that an exercise of the power conferred by the statute would constitute the imposition of a liability upon the school district for other than corporate purposes, that would be the extent of plaintiff's recovery and the issuance of the bonds would be enjoined. That would not be a relitigation of any of the issues that were tried in the former case.

It will be observed that the statute in question does not authorize the issuance of bonds for the payment of all judgments but the proviso expressly excludes judgments obtained for services, material or supplies. Conceding, without deciding, that such a classification of judgments would be valid, it would be obvious that, in a suit by a taxpayer to enjoin the application of the proceeds of a bond issue to the payment of a particular judgment, one of the chief issues might be to determine whether the judgment was of the character covered by the statute or whether it was for items excluded by the proviso. If the record of a judgment be given the conclusiveness contended for by appellant, then inquiry into the purpose for which the judgment liability arises would be closed in such a suit.

However, the decree which awards Lewis a money judgment contains a finding that Lewis was entitled to a judgment against the corporate body "for the respective pro rata amounts of the proceeds of the aforesaid tax levies which the plaintiff should have received, based upon the ratio which the warrants held by plaintiff bear to the total amount of warrants issued, * * *." The record of the judgment discloses the character of Lewis's claim.

The principal distinction between the facts shown by the record on this appeal and the former appeal pertains to two matters. The board of education introduced evidence to show the nature and character of the defenses it interposed in the suit that was prosecuted to the Circuit Court of Appeals and in the cases where Lewis and others obtained judgments against the defendants. This was evidently introduced for the purpose of showing that the board of education used all reasonable diligence and skill in preventing the plaintiffs in those cases from obtaining judgments and that it would not subject Lewis's judgment to an attack on the grounds of fraud, actual or constructive. It is sufficient to say that it is clearly shown that the defenses interposed were made in good faith and that the judgments were not collusively obtained. The views expressed are not drawn from any implications that the litigation was not vigorously defended or that the defenses were not interposed in good faith. ·The other point of difference is that on the hearing defendants introduced evidence to show the custom and practice followed by this defendant and other municipal corporations in the payment of tax anticipation warrants. The evidence shows that prior to the decision in the *Norfolk & Western case* in the Federal courts, the custom universally followed was to pay the warrants in the order of their issue. The propriety of that issue can not be inquired into in this case. That was a matter determined in the other proceedings and can not be relitigated in this action.

Appellant Lewis urges other points but in view of our holding on the former appeal and reaffirmed here, that the statute in question is unconstitutional as applied to Lewis's judgment, it is not necessary to consider them.

Appellant Lewis contends that to bar him the right of. recovery on his judgment is to violate his rights under the due-process clause of the State and Federal constitutions.

He purchased the anticipation warrants charged with the knowledge that they did not create a liability against the school district issuing them. They were in legal effect assignments of sufficient amounts of tax money to pay the principal and interest. After delivery there was no liability upon the municipality issuing them, either absolute or contingent, to pay if the taxes levied proved to be insufficient. It is not a denial of due process to hold that the loss that arises out of such warrants cannot be imposed upon the municipality issuing them.

In its separate appeal, the appellant board of education asks that Lewis's judgment be declared void in this proceeding. The views expressed as to the limited purpose and scope of the inquiry into Lewis's judgment excludes consideration as to whether such judgment is void.

The decree of the circuit court of Cook county was correct and is affirmed.

*Decree affirmed.*