(No. 27497.—

THE PEOPLE *ex rel.* Reconstruction Finance Corporation *et al.,* Appellants, *vs.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO *et al.,* Appellees.

*Opinion filed March 21, 1944—Rehearing denied May 11, 1944.*

LEE WALKER, M. O. HOEL, POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND, RATHJE, HINCKLEY, KULP & SABEL, URION, BISHOP & SLADKEY, (FLOYD E. THOMPSON, and ALBERT E. JENNER, JR., of counsel,) all of Chicago, for appellants.

RICHARD S. FOLSOM, (FRANK S. RIGHEIMER, FRANK R. SCHNEBERGER, and JAMES W. COFFEY, of counsel,) all of Chicago, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

On November 13, 1942, the People of the State of Illinois upon the relation of Reconstruction Finance Corporation and some three hundred fifty other persons, hereinafter referred to as relators, filed a verified petition for writ of *mandamus* in the circuit court of Cook county against the board of education of the city of Chicago and

the members and president thereof, hereinafter referred to as the board, alleging substantially as follows: That the relators were the owners of judgments against the board, all of which were fully described in the petition; that the respondent is a school district constituted by law as a body politic and corporate, charged with the establishment, support, maintenance, supervision and control of free schools for the area within the city of Chicago, Illinois; that said board is required to adopt a budget within the first sixty day of each fiscal year to appropriate such sums of money as may be necessary to defray all necessary expenses and liabilities of the board, to be paid or incurred during the fiscal year; that it is required by statute that the estimates of the expenses of said budget shall include final judgments accruing against the board, and that upon adoption the annual school budget becomes the appropriation bill, and constitutes an appropriation of the funds and moneys to be used for the purposes therein set forth.

In the year 1939 the relator Reconstruction Finance Corporation commenced a certain cause in equity in Cook county against the board, and in response to process duly served the board appeared and defended the cause, and April 28, 1939, a final decree was entered in favor of Reconstruction Finance Corporation. Other allegations are contained showing that all of the several relators obtained judgments against the board in like proceedings, and upon a like basis, and that although such judgments stood unmodified and in full force and effect and unpaid at the beginning of the fiscal year of January 1, 1940, no provision for payment of said judgments was made in the annual school budget.

A description of the time of filing and obtaining decrees in the other cases is set forth and like allegations made that no provision was made for payment thereof in the annual school budget. Some of the judgments have been

assigned and the names of the assignees set forth. The relators also charge that since the entry of the judgments they have made demands upon the board, and the members and president thereof, that said judgments be paid, and that respondents bring about the payment of said judgments with interest, and that respondents have failed and refused to pay any of such judgments, or to include them in the annual school budget, or make appropriation for the payment thereof, and that they now threaten to fail to include them in the annual school budget beginning January 1, 1943, and relators pray for a writ of *mandamus* requiring the board, when it adopts its annual school budget, to include an appropriation for the payment of such judgments so they may become a part of the appropriation for the payment of which a levy of taxes may be made by the board. A copy of the judgment decree in each of said cases is attached to the petition as an exhibit, and will be referred to later.

On June 7, 1943, an amendment to the petition for *mandamus* was filed, setting forth that, while said cases were pending, a cause had been decided in the United States district court holding the board liable to holders of outstanding unpaid 1929 tax anticipation warrants for their prorata share of the proceeds of the collection of such taxes, and that the General Assembly had enacted a statute authorizing the board of education of any school district constituted by law in any city having a population exceeding 500,000 inhabitants to issue bonds to pay judgment indebtedness, which enabled the board of education to issue such bonds to pay the indebtedness of the relators, and prayed as alternative relief that the board be required to do every act and thing necessary under said statute authorizing bonds to provide funds necessary to pay the several judgments owned by the relators, together with accrued interest.

The answer of respondents admits such judgments were entered; denies they are valid; denies that they have been in noway impeached; but, on the other hand, alleges that the decision of this court in *Leviton* v. *Board of Education,* 374 Ill. 594, holds that said judgments are either based upon the 1929 tax anticipation warrants of the school board, or a breach of trust upon the part of the members of the board, and, as such, do not constitute a liability under the constitution. The answer also sets forth that, subsequent to the filing of the petition for *mandamus,* motions to vacate the judgments against the board were made and denied by the trial court, and that appeals from such orders are being prosecuted; admits that no part of said alleged judgments has been paid, and no provision made in the annual school budget to pay them, but denies any obligation upon its part to pay such judgments, or to include them in its annual budget.

The answer then proceeds to set forth the proceedings under which it had attempted to comply with the act authorizing the issuance of bonds to pay judgments, and the litigation resulting, and described in *Leviton* v. *Board of Education,* 374 Ill. 594, together with certain conclusions the answer draws as to the effect of the judgment in said cause.

The answer further admits that the judgments described in the petition were entered against the board of education after a hearing in open court, but alleges that the respective courts, in entering the same, exceeded their jurisdiction and transgressed the law, and did not have jurisdiction to enter the same in any of the said respective causes, and that said judgments are void. It also admits that there was a statute enacted by the General Assembly, such as set forth in the amendment to the petition, but alleges that said statute was held void in *Leviton* v. *Board of Education,* 374 Ill. 594, to the extent that it authorizes bonds to be issued and sold to discharge judgments based upon liability arising out of

unpaid tax anticipation warrants, and that if the prayer of the petition for *mandamus* is granted it will require the respondents to violate section 9 of article IX of the constitution of the State of Illinois.

The answer also alleges that the cases in which the judgments were entered are still pending in the courts, and that as a part of the decrees the courts retained the jurisdiction of the causes for the purpose of affording other relief. The respondents further allege that, under the constitution of Illinois, the board is required to provide a thorough and efficient system of free schools, and that if it is required to make appropriations for the payment of the alleged judgments it will not have sufficient income to pay said judgments or any part thereof, and also to continue to comply with its requirement to provide proper schools for children in the Chicago school district, and that it would be compelled to so reduce and curtail the school system and educational facilities that such children would not receive the common-school education guaranteed by the constitution. It then sets forth the limit to which it can raise taxes, together with its resources and liabilities and anticipated school expenses, and shows there is no other money that can be raised other than necessary to defray the necessary expenses of the school system, and that it has no excess revenue, and that it is impossible to raise funds to maintain the school system and to pay the alleged judgments, which amount to more than ten million dollars. A motion to strike the answer and for judgment against the board was made by the petitioners. The motion to strike was denied and, the petitioners electing to stand by their motion to strike, judgment was entered in favor of the respondents, and petitioners appeal to this court.

At the outset, appellants contend that the only contested issue is the validity of the judgments, and that such depends upon whether the record shows jurisdiction of the

parties and the subject matter in the several cases in which judgments were entered. Appellees counter with the proposition that a writ of *mandamus* is not a writ of right, and that its issuance would require the board to violate the constitution of the State of Illinois; that the several courts entering the judgments exceeded their jurisdiction and transgressed the law in that respect.

In support of its contention, appellants cite the long and uniform line of authorities holding that jurisdiction of the parties and the subject matter of a suit make a judgment unassailable in a collateral proceeding, and the appellees, on the other hand, among other things, claim that the decision in the *Leviton case* holds that such judgments are void. Neither appellants nor appellees present the precise issued indicated by the record in this case, and that is, should the board be compelled by *mandamus* to budget these claims and levy taxes for their payment?

A proper consideration of this question requires an examination of the decrees entered in the several cases, and which are attached as exhibits to the petition for *mandamus*. The decree in the case of Reconstruction Finance Corporation is that the court, being advised, finds it has jurisdiction of the subject matter and parties, and that plaintiff is entitled to recover from the Board of Education of the City of Chicago "its pro rata share of all moneys at any time received and disbursed prior to the commencement of this suit by the defendant Board of Education of the City of Chicago, as the proceeds of the taxes collected on the tax levies of the Board of Education of the City of Chicago for Educational purposes and for building purposes *for the year 1929, against which the tax anticipation warrants legally held by this plaintiff were issued."*

The court found that large amounts of money had been received by the board as the proceeds of taxes collected on account of the levies of 1929, and were diverted and

distributed contrary to the requirements of law and in breach of trust on several separate occasions, and on each of such occasions the money so distributed should have been distributed *pro rata* among all of the owners and holders of the then outstanding warrants. It then proceeds to find from the evidence that the plaintiff is entitled to "have judgment * * * for the respective *pro rata amounts of the proceeds* of the aforesaid tax levies which the plaintiff should have received, based upon the ratio which the warrants held by the plaintiff bear to the total amount of warrants issued, less the warrants surrendered to the County collector for the payment of taxes from time to time, together with interest at the rate of five (5) per cent per annum upon said *pro rata* amounts" excluding interest already paid.

The court then finds that the plaintiff is the owner of certain tax anticipation warrants of the taxes levied for the year 1929, aggregating the principal sum of $110,000. It then finds from the evidence that plaintiff, upon the *said basis of computation, is entitled* to have and recover of and from the defendant Board the sum of $128,913.50, together with interest at the rate of five per cent from the date of decree, and thereupon it orders and decrees that the plaintiff have and recover of the said board the sum above mentioned, and have judgment for same as at common law, and that execution issue in favor of plaintiff against the defendant; and retains jurisdiction to afford such other relief as may be necessary for the collection of the amount found due; and "also for the collection of any other or further amounts upon the said tax anticipation warrants," and for such other relief as the court may thereafter determine the plaintiff is entitled to.

Summarized, the judgment decree in this case finds: (1) that plaintiff is entitled to a prorata part of the 1929 taxes collected; (2) that the board has diverted and mis-

applied part of such taxes; (3) that the plaintiff is entitled to a judgment for the prorata part of the 1929 taxes; (4) that the plaintiff holds and owns warrants on such taxes aggregating with interest $128,913.50; (5) that on the basis of computation the plaintiff is entitled to said sum; (6) that the plaintiff have judgment for said sum as at common law and that execution issue.

It is plain from the judgment that the matter involved and determined by the court was an accounting for the taxes collected from the 1929 levy, and for the plaintiff's prorata part of such moneys collected as is represented by the holding of tax anticipation warrants. The judgment decree shows upon its face that it never should have been entered, because of the reasons set out in *Leviton* v. *Board of Education,* 374 Ill. 594, but it is not now necessary to determine the validity of such judgment in disposing of the real issue of whether the board of education can be compelled by *mandamus* to levy a new tax to pay judgments showing upon their face that to compel such act will require the board to violate the constitution.

No question of collateral attack is presented by this issue, but the question is whether the relators are entitled to the remedy sought under the disclosure made by their pleading. Thus, in the late case of *Leviton* v. *Board of Education,* 385 Ill. 599, we held the validity of the judgment obtained by Lewis, the owner of one of the 1929 warrants, was not material, as the real question was whether any money could be raised by taxation to pay bonds authorized for the payment of a judgment obtained upon a tax warrant. The bonds authorized being void as violating the constitutional prohibition against paying something not constituting a corporate debt, simply resulted in Lewis not receiving payment from that source.

We have repeatedly held a tax anticipation warrant does not create a debt; that the legislature is without power to authorize a city to issue bonds to pay warrants

where the taxes levied were insufficient to pay them; (*Berman* v. *Board of Education,* 360 Ill. 535;) that the legislature is without authority to authorize a municipality to issue bonds to pay a judgment which is based upon the failure to pay an anticipation warrant; (*Leviton* v. *Board of Education,* 374 Ill. 594; *Leviton* v. *Board of Education,* 385 Ill. 599;) that a municipality may not levy taxes in a succeeding year to pay the interest on anticipation warrants accruing in a different year; (*People ex rel. Gill* v. *Schiek,* 368 Ill. 352; *People ex rel. Lindheimer* v. *Axelrod,* 373 Ill. 446;) all because to do so would violate section 9 of article IX of the constitution.

We have also held that constitutional limitations of the amount of money that may be raised by taxation cannot be avoided by permitting obligations to take the form of judgments. (*People ex rel. Cox* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 300 Ill. 368; *Chicago and Alton Railroad Co.* v. *People ex rel. Begole,* 177 Ill. 91; *Leviton* v. *Board of Education,* 374 Ill. 594.) The judgments which appellants seek to *mandamus* the appellees to pay were obtained because the 1929 tax warrants were not paid. This appears in the complaint and is alleged in the answer, and is admitted by the motion to strike the answer.

Looking at the face of the judgments obtained by the relators, it appears that whatever rights they had as holders of the tax anticipation warrants of 1929 were merged into the decree judgments, payment of which they are trying to enforce by *mandamus.* In *Brownsville* v. *Loague,* 129 U. S. 493, 32 L. ed. 780, where a like remedy was sought to compel the city to pay judgments based upon bonds issued by a city, the plaintiff disclosed the facts involved in the cause of action upon which the judgments were based. In denying their right to a writ of *mandamus* the court said: "The power invoked is not the power to tax to pay judgments, but the power to tax to pay bonds, considered as

distinct and independent, and therefore, when the relator is obliged to go behind his judgments as money judgments merely, to obtain the remedy pertaining to the bonds, the court cannot decline to take cognizance of the fact that the bonds are utterly void and that no such remedy exists. * * * But where application is made to collect judgments by process not contained in themselves, and requiring, to be sustained, reference to the alleged cause of action upon which they are founded, the aid of the court should not be granted when upon the face of the record it appears, not that mere error supervened in the rendition of such judgments, but that they rest upon no cause of action whatever." This case was followed and approved in *Ward* v. *Joslin*, 186 U. S. 152, 46 L. ed. 1093. To the same effect are the cases *Board of Comrs.* v. *Tome*, 153 Fed. 84; *United States ex rel.* v. *Criner*, 283 Fed. 775; *Smith* v. *Broderick*, 107 Calif, 644, 48 A. S. R. 172; *Water Comrs.* v. *Cramer*, 61 N. J. L. 270, 68 A. S. R. 703; *Brunson* v. *Caskie*, 127 Ga. 501, 56 S. E. 621, the last mentioned case involving a situation almost identical with that in the present case, where a judgment was obtained against a county for injuries received in a defective road. The county was not liable for such a debt, and the constitution of the State of Georgia did not permit the commissioners to levy a tax unauthorized by the constitution. In denying *mandamus* it was said: "It appears in the *mandamus* proceeding that the county was not liable to the plaintiff on the alleged cause of action, as set out in the original suit and the writ of *mandamus* to enforce a judgment predicated thereon was properly denied."

In *Town of Sparland* v. *Barnes*, 98 Ill. 595, this court held the issuance of a writ of *mandamus* to levy a tax to pay a judgment was erroneous where it was shown taxes were levied to the charter limit, and that they were all necessary to defray current expenses. And in *Board of Supervisors* v. *People ex rel. Comrs. of Highways*, 222

Ill. 9, it was held a writ of *mandamus* would not be issued to compel a positive duty fixed by law, if to do so would require a violation of the constitution in becoming indebted in excess of the amount fixed by section 12 of article IX thereof. In *Wisconsin* v. *Pelican Ins. Co.* 127 U. S. 265, 32 L. ed. 239, it is said: "The essential nature and real foundation of a cause of action are not changed by recovering judgment upon it; and the technical rules, which regard the original claim as merged in the judgment, and the judgment as implying a promise by the defendant to pay it, do not preclude a court, to which a judgment is presented for affirmative action (while it cannot go behind the judgment for the purpose of examining into the validity of the claim,) from ascertaining whether the claim is really one of such a nature that the court is authorized to enforce it."

Counsel for appellants cite a number of cases which they contend hold otherwise. (*Edmundson* v. *Independent School Dist.* 98 Iowa, 639, 67 N. W. 671; *Howard* v. *City of Huron,* 5 S. D. 539, 59 N. W. 833; *Grand Island and Northwestern Railroad Co.* v. *Baker, County Treasurer,* 6 Wyo. 369, 45 Pac. 494; *State ex rel. Ledger Pub. Co.* v. *Gloyd,* 14 Wash. 5, 44 Pac. 103; *United States* v. *New Orleans,* 98 U. S. 381; *Harshman* v. *Knox County,* 122 U. S. 306, 30 L. ed. 1155.) In all of these cases power upon the part of the municipality to create the debt existed, and taxes could be levied for its payment. Judgments founded upon such claims were held impervious to attack because, there being power to create the debt, all facts necessary to justify a recovery are concluded by the judgments. Most of the cases, however, recognize the distinction pointed out in the *Loague case,* and recognize its application.

The distinction between the cases seems plain. (a) If there is authority of law for the creation of the debt, whether it takes the form of bonds, claims, or otherwise,

and may be paid from a levy of taxes, *mandamus* may be employed because, there being authority in law to pay such class of claims, a judgment is deemed conclusive of the merits thereof; thus a municipal officer is not compelled to violate the law in doing the things proper to bring about payment. (b) If there is no authority for the creation of the debt, or if a levy of taxes for its payment would be in direct violation of a positive statute or the constitution, and such fact appears as a part of plaintiff's case when seeking *mandamus*, the court will not issue the writ to compel a violation of the constitution, because the judgment gives him no new rights with respect to its payment. *United States* v. *County Court*, 99 U. S. 584, 25 L. ed. 331; *Beadles* v. *Smyser*, 209 U. S. 403, 52 L. ed. 854.

The nature and character of the plaintiff's claim being fully disclosed upon the face of the judgment, and indicating facts which would require the officers to violate the constitution in order to levy a tax for its payment, *mandamus* may properly be refused, not because we invalidate the judgment, but because we cannot require public officers to violate the provisions of the constitution. The alternative prayer that the board be required to do all things necessary to issue bonds under the Judgment Refunding Act of 1937 requires no comment, because of our holding that it is unconstitutional. *Leviton* v. *Board of Education*, 385 Ill. 599.

Another equally cogent reason for denying *mandamus* in this case is the inability of the board of education to maintain public schools as is required by the constitution, and at the same time levy taxes to pay these judgments. The law has long been settled that the writ of *mandamus* is not a writ of right, and a court, in the exercise of wise judicial discretion, may, in view of the consequences attendant upon its issuance, refuse the writ. (*People ex rel. Akin* v. *Board of Supervisors*, 185 Ill. 288; *People* v.

*Ketchum,* 72 Ill. 212.) The necessity for the use of the entire revenue by a public body is sufficient to defeat application for a writ of *mandamus* to pay judgments; (*Town of Sparland* v. *Barnes,* 98 Ill. 595; *Board of Supervisors* v. *People,* 222 Ill. 9;) and want of funds is a complete answer to a petition for *mandamus.* (*DeWolf* v. *Bowley,* 355 Ill. 530; *Board of Supervisors* v. *People,* 222 Ill. 9.) It is apparent from the financial situation of the board of education, admitted by the relators' failure to answer and dispute it, that it has no funds available for the purpose, conceding that the relators, on other grounds, were entitled to the writ.

Considerable discussion has been engaged in by both appellants and appellees as to the effect of the decision of this court in *Leviton* v. *Board of Education,* 374 Ill. 594. It is sufficient to say that the issue involved in that case arose upon a complaint in equity, all of the allegations of which were admitted by a motion to dismiss, and such complaint did show facts which disclosed an attempt was being made to issue bonds to pay a judgment or demand which did not constitute a corporate debt, something beyond the power of the legislature to authorize. The facts alleged in the complaint were substantiated upon a trial, as is disclosed in *Leviton* v. *Board of Education,* 385 Ill. 599, and the act purporting to authorize such bonds was held unconstitutional.

While we have discussed the facts relating to petitioner, Reconstruction Finance Corporation, the facts with regard to all of the other relators, except in amount and time of procuring judgment, are identical, and therefore do not require special consideration. Many other points are discussed in the able briefs of counsel, which we have carefully considered, but most of which have no application to the question presented, and hence are not discussed in this opinion.

We are of the opinion, upon examination of the character and terms of the judgments, as well as the additional facts adduced by the answer of the board, that relators were not entitled to the remedy afforded by a writ of *mandamus,* and the judgment of the circuit court of Cook county is accordingly affirmed.

*Judgment affirmed.*